CITY OF LEAVENWORTH *et al. vs.* MARGARET NORTON *et al.*

The city of Leavenworth is a municipal corporation, created by act of the Legislature, and its powers are strictly limited and controlled by the provisions of the charter.

All powers not expressly granted by the charter of a municipal corporation, or necessary to carry out these powers, *held* to be denied. *Held*, that it can take nothing by implication.

Sections one, two, three, four, seven and twelve of article seven, and sections one, three and four of article ten of the charter of the city of Leavenworth, in force in June, 1858, contain all the powers *expressly* granted to levy taxes upon real estate in said city, and no power is expressly granted to tax such property except to the extent of five mills on the dollar for general revenue one mill on the dollar for the purchase of lots and the erection of school' houses thereon, and one mill on the dollar for the support of common schools. The taxation of the year 1859 is, to that extent, undoubtedly legal and valid.

*Held*, that the power of the city of Leavenworth to raise more than seven mills on the dollar tax on real estate, for erecting hospitals, poor houses, market houses, &c., is not necessarily implied from the provisions in the charter making it the duty of its officers to erect these buildings.

The granting of a perpetual injunction against conveying real estate sold for non-payment of such tax *sustained*.

City of Leavenworth and others v. Norton and others.

A statement of the facts of the case appears in the opinion of the court.

*Thos. P. Fenlon*, for plaintiff in error.

*Robert Crozier*, for defendant in error.

I. The city had no authority to levy more than seven mills on the dollar. (*Charter of City*, § 1, *Art.* 7; *Blackwell on Tax Titles*, *pp.* 45, 46, 56, 524, 525.)

II. The city had no authority to convey property sold for taxes. (*Charter of City*, § 2, *Art.* 7, *and same authorities above cited.*)

By the Court, BAILEY, J. The city of Leavenworth, by its proper officers, levied upon certain lots the following taxes for the year 1858, to wit:

First. A tax of one-half of one per cent. on the dollar for the purpose of general revenue.

Second. A tax of one mill on the dollar for the purchase of lots and the erection of school houses thereon, within the city.

Third. A tax of one mill on the dollar for the support of schools in said city.

Fourth. A special tax of one and one-half mills on the dollar for the support and maintenance of a city hospital, and the support and care of the poor of the city.

Fifth. A special tax of ten mills on the dollar to defray the liabilities and expenses of the city incurred in the erection of a market house and city hall.

Sixth. A special tax of one mill on the dollar for the purpose of paying interest on the bonds of the city, issued in 1858, which fall due in 1859.

Seventh. A special tax of two mills on the dollar for culverts and bridges.

Eighth. A special tax of one mill on the dollar for building cisterns and support of the fire department.

28

Said taxes not being paid upon the lots owned by defendants in error, the city, by its officers, on or about the 9th day of June, 1859, proceeded to sell said lots at auction, and in 1861 were about to execute deeds for said lots to the purchasers at such sale, when defendants in error commenced suit in the district court for Leavenworth county, to have said sales set aside, and to have said city and its officers restrained, by injunction, from conveying said lots in pursuance of said sales, and from executing and delivering deeds to the purchasers.

The city of Leavenworth and George Einstein, city clerk, the now plaintiffs in error, appeared and defended against said suit, and on the 16th of June, 1862, a decree was made by said court perpetually enjoining the city and its officers, as prayed for by the defendants in error. From that decree the plaintiffs in error seek to be relieved, by bringing their cause into this court on petition in error.

Article seven of the charter of the city of Leavenworth, in force at the time of this levy and sale, defines the powers of said city, which are, among other things, as follows, to wit:

Section 1. The city council shall have power to levy and collect taxes upon all real and personal property within the limits of the city, for the purpose of general revenue, *not to exceed one half of one per cent.*, upon the assessed value thereof, in each year, in any manner to be previously provided by ordinance.

Section 2. To provide for the sale of real estate, &c.

Section 3. To impose a poll tax, not exceeding one dollar.

Section 4. To levy and collect a license tax on auctioneers, taverns, hawkers, peddlers, &c.

Section 7. To erect, establish and regulate hospitals, work houses and poor houses, and provide for the government and support of the same.

City of Leavenworth and others *v.* Norton and others.

SECTION 12. To erect and establish market houses and market places, and to regulate and govern the same, and to provide for the erection of all other useful and necessary buildings for the use of the city.

Article ten provides for the government and support of common schools in said city, and contains, among others, the following provisions, to wit:

SECTION 1. The council of said city are hereby authorized and required, at the expense of said city, to provide for the support of common schools therein.

SECTION 3. The said council are hereby authorized and required to purchase, in fee simple, or to receive as a donation for the use of said city, at the expense of the same, in each of said school districts, a suitable lot of land * * * * * * * for a school house, and * * * to cause to be erected thereon a good and substantial school house, and to defray the necessary expenses of the building and construction of said school houses, as also to pay the purchase money for the lots of land on which the same shall be erected. It shall be lawful, and is hereby made the duty of said city council annually to levy, or cause to be levied, in addition to the other taxes of the city, a tax, not greater than one mill on the dollar, upon all property in said city, liable to taxation, for city purposes, until a sufficient sum shall be raised and collected from such tax to meet the expenses which shall be incurred for the purchase of lots of land, and for the erection of school houses aforesaid.

SECTION 4. That for the purpose of more effectually supporting common schools in said city, and to secure the benefit and blessings of an education to all the children therein, it shall be the duty of the city council, and they are hereby authorized to levy and collect an annual tax of one mill on a dollar upon all the property in said city subject to taxation for city purposes, which tax shall be exclusively appropriated to defray the necessary expenses of said schools.

These sections contain all the powers *expressly* granted to levy taxes upon real estate in said city ; and it will be seen, upon examination, that no power is expressly granted to the council to tax such property, except to the extent of five mills on the dollar for general revenue, one mill on the dollar for the purchase of lots and the erection of school houses thereon, and one mill on the dollar for the support of common schools.

To this extent the power is expressly given, and the taxation of the year 1858 is to that extent undoubtedly legal and valid ; that is to say, to the extent of seven mills on the dollar. As to the remainder of the taxes levied in that year, no express authority is claimed on the part of the plaintiffs, but they claim that inasmuch as it is made the duty of the city to erect hospitals, poor houses, market houses, &c., the power to raise money for that purpose is necessarily implied.

We do not think so. The city of Leavenworth is a municipal corporation, created by the act of the legislature, and its powers are strictly limited and controlled by the will of its creator, as expressed and defined in the charter or act of incorporation.

All powers not expressly granted by the charter, or necessary to carry out the powers expressly granted, are denied. The corporation can take nothing by implication. The authorities to this effect are too numerous and too well known to need citation. The judgment must be affirmed.

Judgment affirmed.

All the justices concurring.