## M. W. STEWART, as Treasurer of Wyandotte County, et al., v. THE KANSAS TOWN COMPANY et al.

CITY—Contract for Water, etc.—Tax Levy. A city of the second class has authority to contract for water, electric light and supplies for the fire department for the city, and to pay for the same out of the general revenue fund; but the levy for these and all the other ordinary expenses of the city to be paid out of the general revenue fund cannot exceed 10 mills on the dollar of the property which is subject to taxation.

*Error from Wyandotte District Court.*

ACTION by the *Kansas Town Company* and others against *M. W. Stewart,* as county treasurer of Wyandotte county, and others, to enjoin the collection of taxes levied on the property of plaintiffs. Judgment for plaintiffs February 24, 1892. The defendants bring the case here. The opinion states the facts.

*J. M. Asher,* for the city of Argentine; *H. A. Bailey,* for the board of education; *Hutchings, Keplinger & Miller,* and *Morgan & Riley,* of counsel for plaintiffs in error:

No doctrine is better settled than that a collateral attack cannot be made upon .the existence of a public corporation, or the right to exercise any of its functions, when there is such an existence, or exercise, as a matter of fact, within the principles of rights and powers *de facto. Kirkpatrick v. The State,* 5 Kas. 673; *School District v. The State,* 29 id. 57; *Black v. Carpenter,* 29 id. 349. This doctrine is fully applicable to the exercise of such powers over particular territory. *Wildman v. Anderson,* 17 Kas. 344; *Ritchie v. Mulvane,* 39 id. 241.

Defendants in error would not be allowed to urge objections, however weighty and well taken, against the legal existence of the city of Argentine as a municipal corporation, for the purpose of avoiding the payment of taxes. *Voss v. School District,* 18 Kas. 467; *A. T. & S. F. Rld. Co. v. Wilson,* 33 id. 223.

See, also, *Graham v. City of Greenville,* 67 Tex. 63, 2 S. W. Rep. 742; *Ford v. Town of North Des Moines,* 45 N. W. Rep. 1031; *McClay v. City of Lincoln,* 49 id. 282; *Land Co. v. Buffalo County,* 15 Neb. 605, 19 N. W. Rep. 711.

"It would be dangerous and wrong to permit the existence of municipalities to depend on the result of private litigation. Irregularities are common and unavoidable in the organization of such bodies; and both law and policy require that they shall not be disturbed except by some direct process

authorized by law, and then only for very grave reasons." *Clement v. Everest,* 29 Mich. 19 (22).

We believe that the court below erred in the conclusion that the property described in the original petitions was not within the limits of the city of Argentine, or subject to taxation by the board of education.

Ample power and authority are granted the city council to enter into binding contracts for the furnishing of light and water to the city. *Manley v. Emlen,* 46 Kas. 655; *Waterworks Co. v. City of Columbus,* 46 id. 666.

"Authority to contract for the making of improvements necessarily implies the authority to pay for the same." *City of Wyandotte v. Zeitz,* 21 Kas. 655. See, also, *Ketcham v. Buffalo,* 14 N. Y. 359; 37 Pa. St. 290; Dill. Mun. Corp., 3d ed., § 849 (685), p. 837; *United States v. New Orleans,* 98 U. S. 381; *Crawfordsville v. Braden,* 28 N. E. Rep. 849; *Dutton v. Aurora,* 28 id. 461; *Ralls Co. v. United States,* 105 U. S. 733; *Weber v. Traubel,* 95 Ill. 427; *Cary v. Lyon City,* 17 Iowa, 1; *Hasbrouk v. Milwaukee,* 25 Wis. 122.

*White & Earhart,* for defendants in error; *Thos. J. White,* of counsel:

The question for discussion is: Is a city of the second class authorized by its charter to levy 10 mills on the dollar of valuation for "general revenue purposes," and, in addition thereto, to levy 8 mills on the dollar for water, 8 mills on the dollar for electric light, and 2 mills on the dollar for fire-department supplies? It is a well-settled doctrine of law, that municipal corporations have no power to levy taxes except such as is expressly given to them by their charters; and that they take nothing by implication. And such power is necessarily strictly construed; and the power to tax can be no further exercised than is clearly given. Dill. Mun. Corp., § 610; *City of Leavenworth v. Norton,* 1 Kas. 432, 436; *Burnes v. City of Atchison,* 2 id. 449; Const., art. 11, § 4.

While there is no doctrine better established than that a municipal corporation can exercise generally those powers

necessary or fairly implied in or which are incident to the powers expressly granted, this is subject to any and every limitation in the act granting the power; and any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Dill. Mun. Corp., § 55. But there is one very decided exception to this rule of exercising powers incidental to the powers expressly granted, and that exception is the power to levy taxes. The power to levy taxes must always be expressly granted, and is never implied. Dill. Mun. Corp., § 610; *City of Leavenworth v. Norton*, 1 Kas. 436; *Fuller v. Comm'rs of Jackson Co.*, 2 id. 449; Const., art. 11, § 4; *Railroad Co. v. Woodcock*, 18 Kas. 20; Cooley, Tax., pp. 276, 277; *The State v. Humphreys*, 25 Ohio St. 520; *Pullen v. Commissioners*, 68 N. C. 451; *The State v. Shortridge*, 56 Mo. 126.

The cases of *Manley v. Emlen*, 46 Kas. 655, *Waterworks Co. v. City of Columbus*, 46 id. 666, and *Weber v. Traubel*, 95 Ill. 427, are decidedly in favor of the defendants in error in this case. The case of *City of Wyandotte v. Zeitz*, 21 Kas. 649, and *Dutton v. City of Aurora*, 28 N. E. Rep. 641, in no manner aid the position taken by plaintiffs in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by the Kansas Town Company and other owners of real estate situate within the limits of the city of Argentine, to enjoin the collection of taxes levied by the officers of the city of Argentine for the year 1891. The case was tried upon an agreed statement of facts, from which it appears that Argentine is a city of the second class, and that the property of the parties complaining was situate within the limits of the city during the year for which the taxes were levied. At the proper time for the levying of taxes for the year 1891, an ordinance was passed by the city making the following levies, to wit: 10 mills on the dollar for general revenue purposes; 5 mills on the dollar for general improvement purposes; $1\frac{1}{2}$ mills on the dollar for interest on bonded indebtedness; 8 mills on the dollar for

water; 8 mills on the dollar for electric light; 2 mills on the dollar for supplies for fire department.

These levies were all charged against the property within the limits of the city for the year 1891; but none of the charges are complained of by the defendants in error, except the levies for water, electric light, and for fire-department supplies. As to these, it is contended that they are illegal, and in excess of the power of the mayor and council of cities of the second class to levy. The right of such a city to contract for water, electric light and supplies for the fire department is not disputed, but it is argued that it must be paid out of the general revenue fund, and that, under § 32 of the act authorizing the levy of taxes, cities of the second class are limited to a levy of 10 mills on the dollar for such purposes. (Gen. Stat. of 1889, ¶ 788.) It provides that a city of the second class is authorized "to levy and collect taxes for general revenue purposes not to exceed 10 mills on the dollar in any one year," etc. The plaintiffs· in error contend that the city is authorized to contract for both water and light; that authority to contract for these implies the authority to pay for the same; and that, as no special provision has been made for the payment of these necessities, it is implied that it is to be done in the ordinary way, by the levy and collection of taxes. They further argue, that the only statutory limitation is to be found in § 40 of the act governing cities of the second class, which provides that "at no time shall the levy of all city taxes of the current year for general purposes, exclusive of school taxes, exceed 4 per cent. of the taxable property of the city, as shown by the assessment books of the preceding year." (Gen. Stat. of 1889, ¶ 796.) It appears that the total of the levies made by the city of Argentine was 3 cents and 4 mills, and therefore came within the limitation of § 40. It is conceded, however, that this section grants no power to levy taxes for any purpose; and it must also be conceded that the only express authority to levy taxes for these purposes is found in § 32 of the act, which distinctly limits the total levy for general purposes to 10 mills on the

dollar. The power to levy taxes must be expressly granted, and we think that the authority to levy the taxes in question, if it exists at all, must be found in § 32. The limitation in that section is 10 mills on the dollar, while § 40 places a limit of 40 mills upon the aggregate levies for the current year for general purposes, exclusive of school taxes. We think there is no real inconsistency between these two provisions. The first is a limitation upon the levy to meet the current and ordinary expenses of the city. Supplies of water, light and for the fire department are among the daily necessities of the city, and naturally fall within the class of expenses which are to be paid out of the general revenue fund. The limitation of § 40 not only covers this levy, but all other levies of city taxes for general purposes, exclusive of school taxes. The city is authorized to levy and collect taxes for the payment of bonded indebtedness and the interest on the same, as well as to pay off and discharge any judgment obtained against the city; and the levies for these purposes, including that for general revenue, must not in the aggregate exceed 40 mills on the dollar. (*Weber v. Traubel,* 95 Ill. 427.) So construed, there is no inconsistency between these provisions; but, if they were held to be inconsistent, the limitation in § 32 would necessarily prevail, as it is the latest legislative expression. Section 32, as it now stands, was enacted in 1881, while the provisions of § 40 were enacted in 1872. In holding the taxes to be excessive, and in allowing an injunction against the same, the learned judge of the district court stated the following, among other cogent reasons for his judgment:

"The furnishing of water, light, and proper facilities for the control and extinguishment of fires, is an exercise of authority for the public use, and is necessary for the public welfare and protection of such city and its inhabitants; and, in my opinion, is a proper item of expenditure from the fund provided for general revenue purposes, and comes within the provisions for levying taxes for general revenue purposes.

"In the absence of any other provision for raising revenue therefor, I think the expenditure to be made for these purposes

and the contracting power of said cities therefor, is limited to the amount of revenue provided by law to be raised for such fund. It therefore follows that a levy of 10 mills on the dollar having been made by said city for general revenue purposes, the authority of said city to levy taxes for such purpose was thereby exhausted, and the further levy of 8 mills for water and 8 mills for light and 2 mills for fire department was without authority of law, illegal, and void. (*City of Leavenworth v. Norton*, 1 Kas. 432; *Burnes v. City of Atchison*, 2 id. 454; *Railroad Co. v. Woodcock*, 18 id. 20; *Comm'rs of Osborne Co. v. Blake*, 25 id. 356.)

" It is claimed by counsel for the defendants that the limitation upon the authority of said city to levy taxes for these purposes is contained in § 40 of the act relating to cities of the second class, and that the authority of said city to contract for supplying the city with water and light, and to organize and maintain fire companies and furnish the necessary supplies therefor, necessarily carries with it the authority to levy such taxes as may be required to pay therefor, within the limit fixed by said § 40, notwithstanding the fact that there is no provision of the statute which in terms authorizes the levy of taxes for such purposes.

"As above stated, in my opinion, under the provisions of the constitution above referred to, there can be no implied power of taxation vested in the officers of said city, and such taxes can only be levied in pursuance of some law, distinctly stating the object of the same; that no provision of law exists under which such taxes can be levied except the statute authorizing the levy for general revenue purposes, and that such levies necessarily came within the limitation fixed by such statute.

"In the case of *Manley v. Emlen*, 46 Kas. 655, cited by counsel for defendants, the levy complained of was within the limit for general revenue purposes; and for that reason was held to be valid. In the case of *Waterworks Co. v. City of Columbus*, 46 Kas. 666, the only question decided was as to the validity of the contract between the waterworks company and the city, which the court held to be valid, and ordered that a peremptory writ of *mandamus* issue, commanding the mayor and council of said city to levy a tax to pay for water furnished thereunder. It does not appear what taxes had been levied by said city; but I think it must be presumed that the limit for general purposes had not previously been exceeded.

"The limitation prescribed by said § 40, was obviously intended to apply to the levy of taxes provided for in the preceding sections, and which are authorized by law to be levied."

We think the court correctly interpreted the statute, and that its judgment must be affirmed.

All the Justices concurring.