THE  CHICAGO,  ROCK  ISLAND  &  PACIFIC  RAILWAY
COMPANY  v.  R.  T.  STANFIELD,  *Treasurer  of  Repub-
lic  County,  et  al.*

### No. 303.

CITIES  OF  THE  SECOND  CLASS — *Taxation* — *Water Rentals.*  A city
of the second class must pay for its water-supply out of the gen-
eral revenue fund, but the levy for this and all other ordinary
expenses of the city to be paid out of the general revenue fund can-
not exceed ten mills on the dollar in any one year.  The mere fact
that a judgment has been rendered for the amount due for water
supplied does not confer upon the city any greater power, or au-
thorize it to levy a special tax in excess of ten mills on the dollar
to pay such expense.

Error from Republic district court;  F. W. STURGES,
judge.   Opinion filed June 20, 1898.   Reversed.

*M. A. Low,* and  *W. F. Evans,* for plaintiff in error.

*B. T. Bullen,* and  *E. W. Wagner,* for defendant in
error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by the
Chicago, Rock Island & Pacific Railway Company
against R. T. Stanfield, treasurer, R. B. Ward, sheriff
of Republic county, and the city of Belleville, defend-
ants in error, for the purpose of enjoining the collec-
tion of certain taxes amounting to $280.06, levied and
assessed by the city of Belleville against the property
of plaintiff.  On the trial, the court found for the de-
fendants and vacated the temporary injunction.  The
railway company moved for a new trial, which was
denied, and now presents the case to this court for
review.

The case was tried on an agreed statement of facts,
which shows that the city of Belleville, a city of the

second class, levied taxes for the year 1896 on the property of the plaintiff and on all taxable property in the city, on each dollar thereof, as follows : For general revenue purposes, five mills ; for interest on bonds, three mills ; for streets and alleys, two mills ; for judgments, sixteen mills.

The taxes levied on the property of the plaintiff for the year 1896 amount to the following sums : For general revenue purposes, $127.30 ; for interest on bonds, $76.38 ; for streets and alleys, $50.92 ; for judgments, $407.36. The plaintiff paid all the taxes except the sum of $280.06 of the amount levied to pay two judgments rendered against the city of Belleville for water rentals. The judgments were rendered on May 7 and October 9, 1896. There is nothing in the record to show that the amount due for water rentals accrued during the year 1896.

There are numerous assignments of error, all of which can be considered together, as they involve the same question. Are water rentals of a city of the second class to be paid out of the general revenue fund, which must be raised by a levy, "not to exceed ten mills on the dollar in any one year"? If this question should be answered in the affirmative, the judgment of the lower court must be reversed, and the collection of the taxes enjoined, for the agreed statement of facts show that the plaintiff at the proper time paid to said city for general revenue purposes a sum equal to a levy of ten mills on the dollar for the year 1896.

In *Stewart v. Kansas Town Co.*, 50 Kan. 553, and *Stewart v. Adams*, 50 Kan. 560, it is held that supplies of water and light are among the daily necessities of a city, and fall within the class of expenses which are to be paid out of the general revenue funds. (See also *County Commissioners v. McAleer*, 115 U. S. 616.)

If the city of Belleville had the power to levy the taxes in question, it must be found in paragraph 788 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 37, § 120), which provides that cities of the second class "are.authorized and empowered to enact ordinances for the following purposes, in addition to the other powers granted by law: *First*—to levy and collect taxes for general revenue purposes not to exceed ten mills on the dollar in any one year." It will be observed that this section limits the levy for general revenue purposes to ten mills on the dollar "in any one year." The fact that the indebtedness for water rentals has been reduced to judgments does not change the rule or confer upon the city any greater power or authorize it to levy a tax in excess of ten mills on the dollar.

The judgment must be reversed, and, as there is no dispute as to the facts, the trial court is directed to make the injunction perpetual.