The First National Bank of Garden City v. The
Board of County Commissioners of Morton
County.

No. 275.

1. Pleading — *Mandamus* — *Levy of Tax at Maximum Rate.*
Where a peremptory writ of mandamus commanding a board of
county commissioners to make a special tax levy for the payment
of a judgment obtained against the county upon its registered war-
rants was sought, and where the alternative writ and the appli.
cation therefor did not aver that the defendants had at any time
failed, or would fail, to make a levy for current county expenses
at the maximum rate allowed by law, such writ and application
are fatally defective.

2. Judgment against County — *Continuing Obligation* — *One Tax
Levy Insufficient.* The obligation of a county to pay a judgment
duly recovered against it upon its unpaid warrants is a continuing
obligation, and is not satisfied by a tax levy which, if all paid,
would be sufficient to discharge the judgment, where it appears
that less than one-half of such judgment has been actually paid
from the proceeds of such levy.

3. ——— *Tax Levy* — *Process of Collection.* A tax levy cannot
properly be regarded as in process of collection after the sale of
real property for the taxes delinquent under such levy has taken
place and the funds received from such sale have been distributed
according to law.

4. ——— *Special Levy Impracticable* — *Order of Payment.*
Notwithstanding a judgment has been recovered against a county
upon its registered warrants, the amounts due thereon are properly
payable in the same order as if such warrants had not been re-
duced to a judgment out of county funds available for the pay-
ment of registered warrants, where it appears that a special levy
cannot be legally made for the payment of such judgment.

Original proceedings in mandamus.  Opinion filed
March 14, 1898.  Writ ordered.

*H. F. Mason*, for plaintiff.

*G. Porter Craddock*, county attorney, and *Geo. Getty*,
for defendants.

The opinion of the court was delivered by

MILTON, J. : This action is brought by the plaintiff to require the defendants, as the board of county commissioners of Morton county, to levy a tax to pay a judgment held by the plaintiff against that county. An alternative writ has been allowed, issued, and served, and defendants have filed a general demurrer to it, which will be regarded as a motion to quash. The recitals of the writ show that on June 5, 1895, plaintiff recovered a judgment against Morton county upon county warrants for the sum of $2337 ; that in August, 1895, a tax of three and one-half mills was levied by the board of county commissioners to apply on the judgment, such levy having been ordered when the judgment was entered ; that from the proceeds of said tax, payments upon the judgment aggregating $1044 in 1896, and $43.84 in 1897, have been made ; that in April, 1897, a demand was made for an additional levy, which demand was refused on the ground that the levy already made, if paid in full, was sufficient to meet the judgment ; and that the levy already made is in fact sufficient to produce sufficient funds to pay the judgment. The prayer of the application and the command of the alternative writ are for a levy of three and one-half mills on the dollar upon all of the taxable property within Morton county to pay the judgment.

All questions as to the sufficiency of the demand upon the board of commissioners prior to the commencement of the action have been waived by counsel. It has also been agreed in open court that the application and writ shall be treated as applying to the year 1898, instead of 1897.

Counsel for the defendant board contend that the .

motion to quash ought to be sustained upon the following grounds :

" 1. A levy having been made to pay the judgment in full, ' no one is in default and the taxes are in course of collection.'

" 2. The provisions of section 7 of chapter 249, Laws of 1891, requiring county warrants to be paid in the order of their presentation and registration, have the same force and effect after judgment as before, and the awarding of a peremptory writ of mandamus in this cause would be in violation of the law as specified in said chapter.

" 3. Where the board of county commissioners in a county having a valuation of less than five million dollars make an annual levy in each year of one per cent. on the dollar as a tax for the current expenses of said county, it is not in default so that it may be compelled to make an additional levy, or such a levy as to carve out of the general rate for current expenses a specific tax, or any tax to pay a judgment obtained upon warrants issued by the county for current expenses.

" 4. The alternative writ and the application therefor are fatally defective in not averring that the defendants had at any time failed to levy up to the maximum rate established by law for current expenses.

" 5. The limitations of the law as to the rate of taxation and as to county expenditures clearly indicate that each year is an entirely separate and distinct taxing period."

For the convenience of the defendants' counsel, permission was given for the filing of separate briefs. An additional brief on the part of the plaintiff was thus called forth. The various propositions are discussed with force and clearness. We are fully advised thereby as to all the features of the controversy. We shall depart from the order stated in discussing the claims of counsel.

It is insisted by counsel for the defendants that a

board of county commissioners cannot legally create liabilities in one year greater than the tax levy for the current expenses of that year, and the language of the supreme court in *County of Osborne v. Black*, 25 Kan. 356, is cited as supporting this claim. There the court said : " All the statutes upon the subject seem to contemplate that the county board will not create or allow to be created liabilities against the county faster than the legal and proper taxes will pay them." Counsel further says, that the proceeds of the tax levy of any one year are to be devoted to the payment of the expenses of that year. In effect, the contention is that as the limitations of the law apply to both the levy and the expenditures of each year, the inference should be drawn that each year is to be regarded as an entirely separate and distinct taxing period. Of course, if this be assumed or conceded, the further inference is obvious, namely, that the levy made in 1895 for the payment of the plaintiff's judgment concludes action in that regard.

Various objections to this position appear, one of the most important being that under the provisions of chapter 249, Laws of 1891, county warrants, if not paid when presented, are to be marked " not paid for want of funds," and duly registered, and are thereafter to be paid when funds become available in the order of their registration, after being duly " called " by the treasurer. The suggestion that this law intends that there shall be a separate registration for each year is unique and ingenious, and might well receive consideration by lawmakers ; but we think that this view was not in legislative contemplation when the law was enacted.

As counsel for both parties are agreed upon the proposition that merger of county warrants into a

judgment does not suspend the operation of the provisions of chapter 249, *supra*, in respect to the order of payment of such warrants, the issues are much simplified. The proposition stated seems to be well supported by authorities.

The fourth contention of counsel for defendants seems to be correct so far as the prayer of the original application for the writ herein is concerned. In *King v. Board of Comm'rs of Grand County*, 77 Fed. Rep. 586, in which the plaintiff sought to obtain a writ of mandamus compelling the levy of a special tax, in the opinion of the court, by Thayer, J., it is said :

"The petitioner did not aver that the defendants had at any time failed to levy up to the maximum rate established by law for the ordinary county expenses, and, in the absence of such an averment, we must presume that the board of county commissioners had performed its duty in that regard, and that it had therefore levied all the taxes that it was permitted, by the laws of the state, to levy for that purpose."

The doctrine stated applies to the present case.

As to the first claim of counsel that " a levy having been made to pay the judgment in full, no one is in default, and the taxes are in due course of collection," we think it untenable. After the tax year of 1895 had closed with the sale of lands in September, 1896, for the delinquent taxes of the levy of 1895, the tax was not, strictly speaking, any longer in " process of collection."

We look upon this judgment as a continuing obligation of the county which it ought to discharge, and which was not discharged by the levy of 1895. (High on Extraordinary Legal Remedies, § 379.) Legal obstacles appear to be in the way of another special levy. We discover nothing, however, that necessarily interferes with the ultimate payment of the judgment.

Referring again to the fact that counsel did not differ as to the scope and effect of chapter 249, Laws of 1891, we observe that the application for the writ and the writ itself have asked for a special levy, whereas the plaintiff, by its counsel, now expresses an entire willingness that an order shall be made requiring the defendants to levy annually the highest tax allowed by law — ten mills on the dollar — for county purposes, and thus to create "a fund to pay plaintiff's judgment or indebtedness having priority over it, until such judgment is fully paid," and counsel for the plaintiff has asked to be permitted to amend the application and the alternative writ so that the same may support such an order. Leave to amend is granted. Treating the pleadings as if amended, the order sought will be granted.

It is ordered that such peremptory writ of mandamus issue in this action commanding the defendants, as the board of county commissioners of Morton county, and their successors, to levy, at the time provided by law for making the tax levy in said county, ten mills on each dollar of the assessed value of such property, and to make a like tax levy in and for each year thereafter until the judgment of the plaintiff is fully paid; and that the balances due and unpaid upon the various warrants which formed the basis of the said judgment shall be paid in the same order, under the law governing the payment of warrants, as if the said warrants had not been reduced to judgment.