LEE MONROE v. R. C. CRAWFORD, *County Treasurer*, AND THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF STEVENS.

No. 315.*   (58 Pac. 232.)

1. COUNTY WARRANTS—*Payment in Order*. It is the duty of the county treasurer to pay warrants in the order of their registration, as required by section 108, chapter 27, General Statutes of 1897 (Gen. Stat. 1899, § 1623).

2. ——— *Case Followed*. Section 4 of the syllabus in *Bank v. Morton County*, 7 Kan. App. 739, 52 Pac. 580, cited and followed.

Original proceeding in mandamus.   Opinion filed September 13, 1899.   Writ allowed.

*Lee Monroe*, for plaintiff in error.

*John A. Kelly, Kos Harris*, and *O. G. Eckstein*, for defendants in error.

*Pending in supreme court on error.—REP.

The opinion of the court was delivered by

DENNISON, P. J.: This is an original action for a peremptory writ of mandamus directing the board of county commissioners of Stevens county henceforth to levy annually for general county purposes, at the time provided by law for making the tax levy in said county, ten mills on each dollar of the assessed valuation of the taxable property of said county until a sufficient amount is collected to pay the judgment of the plaintiff and all warrants registered prior to the registry of the warrant upon which said suit was based, and also directing the county treasurer of said county to apply all sums collected for general county purposes to the payment of said judgment and such other prior warrants until said judgment is fully paid.

There is no controversy as to the regularity and legality of the judgment. The warrant upon which it is based was issued to L. J. Pettijohn for services rendered by him to said county in indexing the records of said county. It is acknowledged to be a just and binding indebtedness that ought to be paid.

The defendants contend that the maximum levy which the commissioners are allowed by law to levy upon the taxable property of said county fails to raise sufficient funds to pay the necessary county expenses for the current year, and that if the prior indebtedness is paid there will remain no fund with which to transact the county business.

Section 108, chapter 27, General Statutes of 1897 (Gen. Stat. 1899, § 1623), reads as follows:

"Every county treasurer in this state shall pay for and redeem any county warrant presented to him for redemption at the time of its presentation; and, if so paid, shall mark the same 'paid' with red ink, on its

Monroe v. Crawford.

face, and the date when paid, at the time of payment, and sign the same, provided there is money then in his possession sufficient to pay the same ; and if there is not sufficient money in his hands to pay such warrant, he shall make a certificate of that fact upon the back of said warrant, and date and sign the same ; and it shall also be the duty of said treasurer to set down in a book to be kept by him for that purpose the number, amount and date of all such warrants, to whom made payable, and the date when presented for payment; and all county warrants shall be paid in the order of their presentation for payment as appears by his register ; and it shall be the duty of the county treasurer whenever any money comes to his hands to set apart the amount of the warrants thus presented, which money shall be by him kept until called for, and if not called for previous to the publication of his quarterly statements to be made on the first Mondays of January, April, July and October in each year, he shall embrace the same in his next quarterly statement, fully describing such warrants by giving their number and amount, and interest shall cease on each warrant after such publication.  The said treasurer, when he goes out of office, shall deliver said book, containing a list of the county warrants so presented, to his successor, who shall in all things act as though the entries of warrants were made by himself ; but every county treasurer shall receive in payment of county taxes the county warrants issued in said county which may be presented in payment for such county taxes.''

The warrant in this case was duly issued and presented, marked '' Not paid for want of funds,'' and registered as number 1770.  It is the duty of the county treasurer to pay the warrant in the order of its registration, as required by section 108, *supra*. No warrant executed subsequent to its registration, whether registered or not, is entitled to be paid out of the funds raised for general county purposes prior to its payment.

We follow *Bank v. Morton County*, 7 Kan. App. 739, 52 Pac. 580, as to the effect of reducing a warrant to judgment. The peremptory writ of mandamus will be awarded. It is ordered that a peremptory writ of mandamus issue in this action, commanding the defendants, as the board of county commissioners of Stevens county, Kansas, and their successors, to levy, at the time provided by law for making the tax levy in said county, ten mills on each dollar of the assessed value of the taxable property of said Stevens county, and to make a like tax levy in and for each and every year thereafter until the said judgment of the plaintiff is fully paid, in its regular order as warrant No. 1770, and commanding the defendant, as county treasurer, and his successors in office, to apply all moneys received by him as a general county fund to the payment of the judgment based upon warrant No. 1770 and those warrants registered prior thereto, in their regular order, until said judgment is fully paid.