THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. BURLINGAME TOWNSHIP, IN OSAGE COUNTY.

1. STATUTES OF LIMITATION, *How Construed.* Statutes of limitation are statutes of repose which are founded on sound policy, and should be so construed as to advance the policy they are designed to promote.

2. STATUTE *Begins to Run in a Reasonable Time.* Where preliminary action is essential to the bringing of an action upon a claim such as is required of the township trustee in chapter 105 of the Laws of

1876, and such precedent action rests with the claimant, he cannot prevent the operation of the statute of limitations by long and unnecessary delay in taking such action; but the statute will begin to run in a reasonable time after he could by his own act have perfected his right of action; and such reasonable time will not in any event extend beyond the statutory period fixed for the bringing of such an action.

### *Error from Osage District Court.*

THE opinion states the nature of the action, and the facts. Judgment for the plaintiff township, at the August Term, 1885. The defendant railroad company brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*William Thomson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by Burlingame township, of Osage county, to recover $7,290 damages alleged to have resulted from the building of the Atchison, Topeka & Santa Fé railroad across a public highway in Burlingame township in Osage county. The petition alleges that the highway was legally laid out and established long prior to the construction of the railroad, and that by the construction of the railroad, which was prior to January 1, 1884, the highway was materially injured by excavations and embankments, which rendered it dangerous for use by the traveling public; that on the 3d day of June, 1884, the defendant had failed and continued to fail for more than ninety days preceding that time, to make good the crossing, and at the time of the commencement of the action had failed to do so; that on the 3d day of June, 1884, the township trustee of Burlingame township notified the board of county commissioners of Osage county of the facts, and made a statement to them showing the location of the crossing and the manner in which it had been injured by the construction of the road, which was verified by three resident tax-payers of the township; that there-

upon the county commissioners appointed three disinterested householders to view the crossing and assess the damages resulting from the construction of the railroad, designating June 17, 1884, as the time of meeting, and notified the railroad company of the time and place of meeting; that at the time and place designated the viewers met and from actual view assessed the damages resulting to the highway, by reason of the construction of the railroad, at $7,290, and on the 18th day of June, 1884, they returned to the township trustee a certificate under oath of their action; that thereupon the township trustee immediately notified the railroad company of the amount of damages assessed by the viewers, and demanded payment of the same. The petition further alleges that on or before the 14th day of July, 1884, the railroad company had constructed its railroad across the highway, and had materially injured it by excavations and embankments; that the railroad company had for more than ninety days preceding the 14th day of October, 1884, failed to make good the said crossing, and then avers the giving of a new notice by the township trustee; and that new proceedings to assess the damages against the railroad company the same as those above described were had, and the viewers then appointed reported on the 20th day of November, 1884, that the damages resulting to the highway by the construction of the railroad were the same as the first assessment, $7,290; that notice of the assessment made was given to the railroad company, and payment demanded, but that more than thirty days elapsed, and the company had failed to pay that sum or any portion thereof. The action was thereupon brought by the trustee in the name of the township, and judgment demanded for the sum of $7,290. The railroad company answered in three paragraphs: first, a general denial; second, that the railroad was built across the highway in 1869, and that the company then restored the highway to its former state, or to such a state as not to have necessarily impaired its usefulness, and did all the grading made necessary by the embankments and excavations at that

crossing; third, that the railroad was constructed in 1869, and long prior to the 9th day of March, 1876, and —

"That said plaintiff's cause of action, if any, against said defendant, is a cause of action created by statute, and created by chapter 105 of the Laws of 1876, and accrued to said plaintiff at the expiration of ninety days from and after March 9, 1876, and said cause of action was at the time of the commencement of this suit, and the times mentioned in said plaintiff's petition, and each and all of them, barred by the statute of limitations."

The township filed a reply denying the allegations of the second count of the railroad company's answer, and demurred to the third count on the ground that it did not state facts sufficient to constitute a defense. This demurrer the court sustained, and to that ruling the railroad company excepted. The case came on for trial on August 25, 1885, and the jury found a verdict in favor of the township, assessing its damages at $1,081.28, and also made special findings of fact on questions presented by each party. The railroad company moved for judgment in its favor on the special findings, which motion was overruled. It moved for a new trial, which was refused. Judgment was rendered for plaintiff. The defendant company has brought the case here.

We will dispose of the case upon the pleadings, the only question which we need to consider being whether there was error in sustaining the demurrer to the third ground of defense stated in the answer. This is a statutory action, brought upon a liability arising under the provisions of chapter 105 of the Laws of 1876, which went into operation March 9, 1876. In § 3 of that act it is provided that —

"Whenever, by the construction of any railway within this state, the crossing of any public highway has been or shall be materially injured, either by excavations or embankments made by said railway company in the construction of said road, and the said railway company have failed to make good the said crossing, and continue to fail to do so, for the space of ninety days after the taking effect of this act, it shall be the duty of the township trustee of the proper township to notify the board of county commissioners of the fact, stating

the location of the crossing, the manner in which the crossing has been injured, obstructed, or destroyed, verified by the affidavit of at least three resident tax-payers of the said township."

It then provides that it shall be the duty of the county commissioners to appoint viewers, and designate a time and place when they shall meet and view the crossing and assess the damages resulting to the highway from the construction of the railroad, and to give the railway company written notice of the time and place of such meeting. In § 4 it is provided that the viewers so appointed shall meet on the day designated, and from actual view assess the damages, and shall return to the township trustee a certificate under oath of the amount of damages by them assessed. Section 5 provides that it shall be the duty of the township trustee immediately upon the filing of said certificate to notify the railroad company of the assessment made against it, and demand payment of the same; and if the company fail to pay the amount for a period of thirty days, he is authorized to commence an action for the recovery of the amount of damages, and the certificate of the viewers is *prima facie* evidence of the amount of damages sustained.

This action was not begun for a period of nearly fifteen years after the building of the road, nor until about eight years after the passage of the act under which it is brought. On the one hand, it is contended that the cause of action accrued within ninety days after the taking effect of the act; and on the other, that it did not accrue until the proceedings were instituted by the township trustee, and demand for the damages assessed had been made by him. We think the latter theory cannot be sustained. If it could, the township trustee might delay indefinitely the institution of the proceedings and the making of the demand which are essential to the maintenance of the action. The statute makes it the duty of that officer to take the preliminary steps, and it both enjoins and implies prompt action on his part. On cases that had arisen before the passage of the act it was made his duty to institute pro-

ceedings at the end of ninety days from the taking effect of the act, and on cases that arise afterward it is fair to say that he is required to act within a reasonable time after the crossing is injured, obstructed, or destroyed. The nature of the case is such that he ought to act with promptitude. The interest of the people whom he represents forbids delay. If the crossing is destroyed and the highway rendered impassable, it is highly important to the public that the trustee should early take the steps which are necessary to restore and reopen the highway, and which he alone can take. If it has been so injured or obstructed by the railroad company as to make it dangerous to the life or property of those who attempt to use it, a postponement of action on his part would be inexcusable. If it is a disputed question in regard to whether the railroad company had injured the crossing, or had failed to make it good after constructing its railroad over the highway, it is important to both parties that action should be taken before the evidence upon the question is effaced or lost. Certainly there is nothing in the duty cast on the trustee, or in the act imposing it, which contemplates a great delay in perfecting the cause of action. To permit a long and indefinite postponement would tend to defeat the purpose of the statutes of limitation, which are statutes of repose founded on sound policy, and which should be so construed as to advance the policy they were designed to promote. (*Taylor v. Miles*, 5 Kas. 499; *Sibert v. Wilder*, 16 id. 176.)

1. Statutes of limitation; how construed.

The period prescribed by the legislature within which actions that are based on a statutory liability, as is the present one, are to be brought, is three years after the cause of action accrues, and not afterward. (Civil Code, § 18.) The preliminary steps essential to the bringing of the action are to be taken by the township, and these steps should be taken within a reasonable time after the injury occurs, or after action is required of the trustee. What is a reasonable time is not always easily defined, but as diligence is required of the trustee, he certainly should have taken the steps essential to the bringing of the suit within

2. Statute begins to run in a reasonable time.

the statutory period fixed for the bringing of such actions. There is as much reason for an early commencement of the initiatory proceedings as there is for the institution of the action itself.   *Jones v. Eisler*, 3 Kas. 134, was an action to recover upon a promise to pay a certain sum of money when the promisor received a payment from the government, or as soon as otherwise convenient; and it was held that it could not have been contemplated that if the promisor never got his money from the government, or was never in a condition that he could conveniently pay, the money was never payable; but that in any event it was payable in a reasonable time after the statutory limitation would run.

The supreme court of Pennsylvania, in considering the effect of the statute of limitations, held that where a demand or a notice was necessary to found an action upon, the right of action would be extinguished if there was unnecessary delay in making the demand.   Justice Thompson, in giving the judgment, said :

"To give effect to the spirit of the statute, the law sometimes, in the absence of stipulation by the parties, fixes the time when the cause of action shall be taken to have accrued by the duty of diligence required of the party.   Where the time for doing the act necessarily precedent to bringing the suit is indefinite, it allows a reasonable time.   When that reasonable time has elapsed, the duty of diligence begins, and if this consists in the assertion of a legal right, then is the time from whence the statute should begin to run." (*Morrison v. Mullin*, 34 Pa. St. 12.)

In *P. & C. Rld. Co v. Byers*, 32 Pa. St. 22, it was held that where a call was necessary to precede a suit for a railroad subscription, it must by analogy to the operation of the statute of limitations, be made within the time fixed as a bar against such suit.   In *Codman v. Rogers*, 27 Mass. 112, it was ruled that if a demand was essential to the maintenance of an action, it must be made within a reasonable time, and that what is to be considered a reasonable time must depend upon the circumstances of the case; but if no cause for delay is shown, the demand should be made within the time limited for bring-

ing the action, and is not in time afterward. In *Steele v. Steele*, 25 Pa. St. 154, the effect of the claimant's delay upon the starting of the statute of limitations was considered, and it was there said that "a party cannot stop the running of the statute of limitations by his own negligence, or by any arrangements for his own convenience." The same doctrine was strongly sustained in *Palmer v. Palmer*, 36 Mich. 487, in an action upon a promissory note payable thirty days after demand, where a demand had not been made until after the statutory period of limitation had elapsed. In that case, the court said:

"If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it. He is really and in fact able at any time to bring an action, when he can by his own act fix the time of payment. It is no stretch of language to hold that a cause of action accrues, for the purpose of setting the statute in motion, as soon as the creditor, by his own act and in spite of the debtor, can make the demand payable."

The township, by its own act, could have perfected its cause of action regardless of the wish or action of the other party; and within the foregoing principles and the allegations of the answer, the action was barred. No excuse is given for the long delay, and it does not appear that it resulted from the action of the railroad company. The precedent action might have been taken in 1876, but as we have seen, the plaintiff below has remained quiet for about fifteen years since the alleged injury occurred, and about eight years after the claim for the injury should have been perfected and sued upon by the township trustee. Eight years is a longer time than is allowed by law for the commencement of any action for the recovery of money, and much longer than the time within which an action for a statutory liability may be brought.

For the error pointed out, the judgment of the district court must be reversed, and the cause remanded for such action as may properly be taken.

All the Justices concurring.