THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COM-
PANY *et al.* v. E. C. SCAMMON, *as Treasurer of Cherokee
County, et al.*

TOWNSHIPS — *Taxation for Road Purposes.* Under ¶ 7084, Gen. Stat. of
1889, township trustees are authorized, with the advice and consent
of the board of county commissioners of their respective counties, to
levy a tax for township, road and other purposes; and the fact that
such taxes are set out and extended upon the tax-roll in detail, as so
many mills for road purposes, and so many mills for township bridge
purposes, instead of grouping the tax together under the single head
"For road purposes," is not such an irregularity as will invalidate
the tax, so long as the amount levied is not in excess of that author-
ized by law.

*Error from Cherokee District Court.*

THE opinion states the facts. Judgment for the defendant
*Scammon* and another, on February 10, 1888. The plaintiff
*Railroad Companies* bring the case here.

*Wallace Pratt,* and *Chas. W. Blair,* for plaintiffs in error.
*C. D. Ashley,* for defendants in error.

Opinion by GREEN, C. : The plaintiffs in error filed their
petition in the district court of Cherokee county, praying for
a temporary and permanent injunction to prevent the collec-
tion of a tax levied on the railroads of the plaintiffs in error,
in certain townships in said county, by the township trustees,
with the concurrence of the board of county commissioners,
for township bridge purposes. To this petition a demurrer
was interposed, which was sustained by the court; the plain-
tiffs excepted to the ruling of the court, and stood upon their
petition, and judgment was rendered against them for costs;
to reverse the ruling and judgment of the court below, this
proceeding in error is prosecuted.

The record shows a waiver of any question in regard to a
misjoinder of parties, so the only question presented is the
authority of the township trustees acting with the concurrence

of the board of county commissioners, to levy a separate tax for township bridge purposes. The claim is made that the township tax attempted to be levied for bridge purposes is without warrant or authority of law. The authority for such a tax levy as the one complained of is found in ¶ 7084, Gen. Stat. of 1889, which requires that the township trustee "shall, at the July session of the board of county commissioners annually, with the advice and concurrence of said board, levy a tax on the property in said township for township, road and other purposes," etc. It is insisted that the levy made under this law was three-fold: First, for the general revenue and expenses of the township; second, for road purposes in said township; third, for township bridge purposes in said township; and that the latter is illegal. Can the levy for township bridge purposes be upheld under the clause, "for other purposes?" The principle is fundamental, that there must be legislative authority for every tax that is levied, whether state or municipal; hence, we must examine the power conferred under the phrase "for other purposes," which is indeed quite broad. In defining the clause "necessary charges," Chief Justice Parker took occasion to say, in the case of *Stetson v. Kempton*, 13 Mass. 272:

"The proper construction of the terms must be, that in addition to the money to be raised for the poor, schools, etc., towns might raise such sums as should be necessary to meet the ordinary expenses of the year; such as the payment of such municipal officers as they should be obliged to employ, the support and defense of such actions as they might be parties to, and the expenses they would incur in performing such duties as the laws imposed, as the erection of powder-houses, providing ammunition, making and repairing highways and town roads, and other things of like nature; which are necessary charges, because the effect of a legal discharge of their corporate duty. The erection of public buildings for the accommodation of the inhabitants, such as town-houses to assemble in, and market-houses for the sale of provisions, may also be a proper town charge, and may come within the fair meaning of the term necessary."

It is not claimed that the phrase, "other purposes," as used

in the statute, would authorize every expense a township, through its officers, might incur, but where the statutes of the state impose certain duties upon the township to build bridges and keep them in repair, that the clause, "other purposes," certainly authorizes the township trustees, with the advice and concurrence of the board of county commissioners, to levy a tax for township bridge purposes. The township board, consisting of the trustee, clerk and treasurer, constitute a board of commissioners of highways, and have charge of the roads and bridges of their respective townships, and it is made the duty of such board to keep the same in repair and to improve the roads and bridges so far as practicable. (Laws of 1885, ch. 168, p. 269.) To carry out the provisions of this statute, funds must be provided, and there can be no other method devised, except by taxation.

It is contended by plaintiffs in error, that under the doctrine laid down in the *Lawrence Bridge Case,* 22 Kas. 438, bridges upon public highways are public roads, and that there are, therefore, two different levies in the same township for road purposes. Still, we do not see any objection to apportioning a certain per cent. of the levy to one specific purpose, and another portion to another purpose, so long as the levies are within the limits authorized by law. Upon this question of apportioning the levies, in a case not unlike this, in the supreme court of Nebraska, Chief Justice Lake, in delivering the opinion of the court, said:

"The 'general fund' of a county, as its name implies, is one devoted to a variety of uses, and expenditure is left mainly to the discretion of the board of county commissioners. The amount which may be raised for this fund the legislature has wisely restricted, the limitation being, as we have seen, ten mills on the dollar of taxable property. Now, in the performance of the duty of determining the amount that should be raised within this limit, the commissioners must necessarily make an estimate of the probable needs of the county for the current year in the way of legitimate expenditures. Having done this, and the total rate being ascertained, suppose that, in making the levy, instead of grouping

the several items together under the comprehensive head of 'general fund,' as is usually done, and as the statute above quoted evidently contemplates, they are set forth in detail, giving the amount estimated for each, would the tax, therefore, be illegal? We think not, so long at least as no item is included not proper to be satisfied from the general fund of the county. It would be at most an informality, in no way invalidating the levy." (*B. & M. Rld. Co. v. Lancaster Co.*, 12 Neb. 324.)

It is not claimed that the levies were excessive in amount; the only contention being that there was no authority to levy "a township bridge tax." We think the levy was authorized; and the doctrine has long since been settled by this court, that equity will not interfere to restrain by injunction the collection of taxes, where the property is subject to taxation, the tax legal, and the valuation not excessive, simply because of irregularities in the tax proceedings.

(*Challiss v. Comm'rs of Atchison Co.*, 15 Kas. 50; Cooley, Tax., 2d ed., 775.)

We think the demurrer was properly sustained, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.