George C. Rankin, *as Receiver, etc.,* v. Edward E. Barton.

No. 13,691. (77 Pac. 531.)

SYLLABUS BY THE COURT.

1. Banks and Banking—*Limitation on Liability of Stockholder of National Bank.* An action to enforce the individual liability of a stockholder in a national bank is governed by the statute of limitations of the state in which it is brought.

2. ——— *Comptroller Must Order Assessment Without Unnecessary Delay.* Ordinarily a cause of action on such liability does not accrue until the comptroller of the currency has ordered an assessment upon the stockholder, but that officer is subject to

the rule that where preliminary action is essential to the bringing of a suit upon a claim, and such precedent action devolves upon the claimant, he cannot prevent the operation of the statute of limitations by unnecessary delay in taking such action.

3. ———— *Statute will Run upon Comptroller's Failure to Order Assessment Within a Reasonable Time.* When a national bank becomes insolvent it is the duty of the comptroller to make an accounting and determine the necessity and extent of assessments upon stockholders within a reasonable time, and upon his failure so to do the statute of limitations begins to run in favor of stockholders.

4. ———— *Admissions of Delay Not Overcome by Averment of Diligence.* Where the facts alleged by the receiver disclosed that an assessment against stockholders was not made within a reasonable time the admission was not overcome by an averment that the comptroller did exercise diligence and made a second assessment as soon as he ascertained that the first assessment and the assets of the bank were insufficient.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed July 7, 1904. Affirmed.

*H. Whiteside,* for plaintiff in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to enforce the individual liability of a stockholder in a national bank. In his petition George C. Rankin alleged that he was the receiver of the Hutchinson National Bank which became insolvent in 1893; that after an accounting, and on July 19, 1894, the comptroller of the currency, upon finding it necessary, ordered an assessment of $75,000 upon the individual liability of the stockholders, being $75 on each share of stock, to pay the debts of the bank. It was further averred that after the application of the amounts collected on this assessment, and after a further accounting, it

was found necessary to make, and the comptroller on November 20, 1900, did make, a further assessment of $19,000, being $19 upon each share of stock, and "that said assessment was made just as soon as discovered in the exercise of diligence to be necessary, and just as soon as it was ascertained the first assessment and the assets of the bank were insufficient." It was alleged that the defendant owned thirty-three shares of stock, and that his contribution under the second assessment was $627, which he had failed to pay, and for which judgment was asked. This action was commenced on November 13, 1902. The defendant demurred to the petition because it did not contain sufficient facts to constitute a cause of action and showed upon its face that the plaintiff's action was barred by the statute of limitations. The demurrer was sustained by the trial court, and the question argued here is whether the second attempt to enforce the individual liability of stockholders, made more than nine years after the insolvency of the bank, was in time to escape the bar of the statute of limitations.

Under the national-bank act shareholders are made individually responsible for the debts of the bank to the extent of the par value of their stock, in addition to the amount which they have invested in such stock. In case of insolvency and liquidation the comptroller of the currency is vested with authority to appoint a receiver, to make an accounting, and, if necessary, enforce the double liability of stockholders. Whether a resort to this personal liability be necessary, and to what extent, is for him to determine. This was specifically held in *Kennedy v. Gibson and others*, 8 Wall. 498, 505, 19 L. Ed. 476, where it was said:

"It is for the comptroller to decide when it is nec-

essary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver.''

It is contended that there is no enforceable liability until the comptroller has exercised his judgment and discretion and made an assessment, and that, his act in ordering an assessment being indispensable as a condition precedent to the commencement of an action to enforce payment, the time limited for the commencement of such action does not begin to run until the assessment has been made. Although the cause of action arose under an act of congress, that body prescribed no limitation on the remedy against stockholders, and, hence, the statutory limitation of the state in which the action is brought necessarily applies. This was decided by the supreme court of the United States in *Campbell v. Haverhill*, 155 U. S. 610, 618, 15 Sup. Ct. 217, 39 L. Ed. 280, in an action for the infringement of a patent, where it was remarked :

''The truth is that statutes of limitations affect the remedy only, and do not impair the right, and that the settled policy of congress has been to permit rights created by its statutes to be enforced in the manner and subject to the limitations prescribed by the laws of the several states.'' ( See, also, *McElmoyle v. Cohen*, 13 Pet. 312, 10 L. Ed. 177 ; *Andreae v. Redfield*, 98 U. S. 225, 25 L. Ed. 158 ; *Barney v. Oelrichs*, 138 id. 529, 11

Sup. Ct. 414, 34 L. Ed. 1037 ; *Bauserman v. Blunt*, 147 id. 647, 13 Sup. Ct. 466, 37 L. Ed. 316.)

As the remedy and the time of its enforcement are governed by the local law, the next inquiry is, When does the cause of action accrue? The stockholder's liability is assumed when the contract of subscription is made, but it is not enforceable, and the right of action thereon does not arise, until action has been taken by the comptroller. How long may action be postponed by that officer without sacrificing the remedy? Whatever the rule may be in other states, it is well settled in Kansas that essential steps preliminary to the bringing of an action must be taken within a reasonable time, and if not then taken the statute of limitations will begin to run. (*A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, 14 Pac. 271, 59 Am. Rep. 578 ; *Rork v. Comm'rs of Douglas Co.*, 46 id. 175, 26 Pac. 391 ; *Bauserman v. Charlott*, 46 id. 480, 26 Pac. 1051 ; *Kulp v. Kulp*, 51 id. 341, 32 Pac. 1118, 21 L. R. A. 550 ; *Comm'rs of Graham Co. v. Van Slyck*, 52 id. 622, 35 Pac. 299 ; *Harrison v. Benefit Society*, 59 id. 29, 51 Pac. 893 ; *Bank v. King*, 60 id. 733, 57 Pac. 952 ; *Black v. Elliott*, 63 id. 211, 65 Pac. 215, 88 Am. St. Rep. 23 ; *West v. Bank*, 66 id. 524, 72 Pac. 252, 63 L. R. A. 137 ; *Bauserman v. Blunt*, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316.)   The condition of the bank, the preservation of the assets, and the adjustment of claims and payments of creditors, all enjoin prompt action on the part of the comptroller.

The case of *West v. Bank*, supra, was an action to enforce a stockholder's liability. Payments on subscriptions to bank stock were to be made at intervals, upon the call of the directors. The bank became insolvent and no call or demand for payments on subscription was made for some time, and it was held that the

statute of limitations began to run, notwithstanding the omission to make the call. In speaking of the diligence necessary in such a case, Mr. Justice Burch remarked:

"Being insolvent, the duty of the corporation to satisfy its obligations became urgent and imperative. As creditor, it had the power to fix at once its debtor's liability. Delay for a single day was inexcusable and the statute commenced to run at once." (Page 530.)

Further along in the opinion it was said:

"The principle of *A. T. & S. F. Rld. Co. v. Burlingame Township*, supra, is now so thoroughly engrained in the fabric of our jurisprudence that it is not sufficient in this state to say, with the authorities just cited, that the statute does not commence to run until an unconditional liability is fastened upon the subscriber by a call, or its equivalent. Since the corporation can fix the liability and thereby start the statute, delay in doing so cannot prevent its running. To hold otherwise, and permit the liability of the stockholder to continue for an indefinite period, would defeat the policy underlying the statute." (Page 534.)

Of course, the comptroller is not required to make an assessment until he has had time to ascertain the condition of the bank by summing up the claims of creditors and appraising its assets, but nothing in the duties imposed upon that officer makes a long delay necessary to determine the necessity for an assessment or the extent of it. One assessment does not necessarily exhaust his power to make another, providing it be done within the time such liabilities may be enforced. In referring to the promptitude necessary in such cases, Justice Swayne, of the supreme court of the United States, in *Kennedy v. Gibson and others*, supra, said:

"A speedy adjustment is necessary to the efficiency and utility of the law; the interests of the creditors

require it, and it was the obvious policy and purpose of congress to give it. If too much be collected, it is provided by the statute that any surplus which may remain after satisfying all demands against the association shall be paid over to the stockholders. It is better they should pay more than may prove to be needed than that the evils of delay should be encountered." (Page 505.)

The present action was brought nine years after the insolvency of the bank and more than eight years after the first assessment had been made. The averment by plaintiff that he was diligent in the matter was no more than a conclusion, and did not overcome the effect of the allegations showing unreasonable delay and manifest negligence. It is not always easy to determine what is a reasonable time within which such action should be taken, but it does appear beyond dispute that the comptroller made an accounting and ascertained the condition of the bank eight years before the present action was brought. About a year elapsed between the insolvency and the first assessment, and that appears to have been a reasonable time within which the prerequisite steps toward fixing the liability of stockholders should have been taken. An accounting was, in fact, had and on that the necessity was determined and the order made.

It may be said that the action of the comptroller in not making a full assessment in the first instance was out of consideration for the stockholders, and in order that he might not collect more than was necessary ; but, as was said in *Kennedy v. Gibson and others,* supra, if too much be collected and a surplus remain after satisfying the demands against the bank, it may be repaid to the stockholders. "It is better they should pay more than may prove to be needed than that the evils of delay should be encountered."

Attention is called to the case of *Aldrich v. Skinner*, 98 Fed. (C. C.) 375, in which it was held that the time limited for the commencement of such an action as this cannot begin to run until the assessment has been ordered. The court in that case, however, gave no consideration to the question presented in this, and that is whether the delay of the comptroller to take the prerequisite steps within a reasonable time would start the running of the statute. The court recognized that an action to enforce such liability is governed by the rule of the state in which the action is brought, and, if the question had been presented, would undoubtedly have followed the supreme court of the United States, in *Bauserman v. Blunt*, supra, in holding that the prevailing rule in the state requires a party to take the preliminary steps necessary to the bringing of a suit within a reasonable time, and that if he do not the statute will begin to run within a reasonable time after he could have taken the steps and perfected his right. This was the view taken by the United States circuit court in *Price v. Yates*, 2 Nat. Bank Cas. (Browne), 204, 19 Fed. Cas. No. 11,418.

The individual liability of stockholders being created by statute, the period of limitation on the right to enforce it, under our code, is three years, and as more than double that time had elapsed the action was barred, and the demurrer was, therefore, rightly sustained.

The judgment is affirmed.

All the Justices concurring.