THEODORE R. CONVERSE, *as Receiver, etc.*, v. J. H. ELWARD.

No. 16,110.

SYLLABUS BY THE COURT.

CORPORATIONS—*Stockholders' Liability—Suspension of Statute of Limitation.* Where the receiver of an insolvent corporation is charged with the duty of enforcing the individual liability of the stockholders for the benefit of the creditors, by means of assessments ordered by the court appointing him, and a second assessment becomes necessary because the order making the first one was reversed as to a part of the stockholders, whom the court of last resort held not to be liable, the statute of limitation does not run against an action to enforce such second assessment during the pendency of the litigation to determine the validity of the first one.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed July 3, 1909. Reversed.

Converse v. Elward.

### STATEMENT.

THIS action was commenced in the district court of Reno county, August 10, 1907. An amended petition containing two causes of action was filed November 8, 1907. To this petition as amended a demurrer was filed, on the ground that the petition showed on its face that action upon each count was barred by the statute of limitations. The court sustained the demurrer as to both counts and dismissed the action. To reverse this ruling the case comes here.

The first count of the petition alleged, in substance, that in 1886 the defendant became the owner of twenty shares of the common stock of the Minnesota Thrasher Manufacturing Company, and henceforth continued to be such owner; that the capital stock of the company was of the par value of $50 per share; that the company was a corporation organized under the laws of Minnesota; that in May, 1901, the Merchants' National Bank of St. Paul recovered a judgment against it, and an execution thereon was returned wholly unsatisfied; that in August, 1901, the bank commenced an action in accordance with the statutes of Minnesota, in the district court of Washington county, Minnesota, for the sequestration of the property and effects of the corporation, and thereupon a judgment of sequestration was rendered and the plaintiff, Theodore R. Converse, was appointed receiver; that the receiver duly qualified, and on September 3, 1901, the court made an order in that action requiring the creditors of the corporation to become parties thereto and to exhibit their claims; that pursuant to this order claims to the amount of $443,-752.17 were exhibited and allowed by the court. The petition set forth in full chapter 272 of the Laws of Minnesota of 1899. Further allegations showed that, proceeding under this act, the receiver filed his application in court for an order for a ratable assessment upon the stockholders of the corporation for such an amount,

proportion or percentage on each share of stock as the court should deem proper; that at the same time the court made an order requiring notice to be published and served upon the several stockholders by mail, as required by the statute pleaded, which order was fully complied with; that on December 10, 1902, after hearing evidence on the part of the receiver and the objecting stockholders, the court ordered an assessment of thirty-six per cent. of the par value of each share of stock, being $18 per share; that the order required payment of the assessment within thirty days from that date, and upon the failure of a stockholder to comply therewith the receiver was authorized to collect the amount due by suit or otherwise; that this defendant was given the notice required by the statute and the order of the court. The plaintiff asked judgment on this cause of action for $360, and interest.

For a second cause of action the plaintiff made all the allegations of fact in the first count a part of the second count, and further alleged that the district court of Washington county, Minnesota, on the application of the plaintiff and after due notice thereof to all the parties interested, and after a hearing, ordered a second assessment of sixty-four per cent., or $32, on each share of stock; that this order was made June 11, 1907, and required the payment of the amount assessed within thirty days of that date; that there was due from the defendant $640 by reason of that assessment, which the defendant, although demand therefor was made upon him, had failed to pay. In this count the plaintiff alleged that he had proceeded with diligence to execute the orders of assessment; that promptly after the first assessment he had recovered judgments against certain national banks, as stockholders, for the amount of that assessment; that those judgments, if collected, would have realized a sufficient sum to pay the indebtedness, but that they were finally reversed by a decision of the supreme court of the United States

holding the banks exempt from liability as stockholders by reason of the fact that their contracts of subscription were *ultra vires;* that this decision necessitated the second assessment, which was made promptly thereafter.

The defendant demurred to the petition upon the grounds, first, that the petition did not state a cause of action in either count against the defendant, and, second, that both the first and second causes of action were barred by the statute of limitations.

The court sustained the demurrer on the ground that each cause of action was barred. The plaintiff elected to stand upon his petition and brings the case here for review, the court having, upon such election, dismissed the action and rendered judgment against the plaintiff for costs.

*Charles Blood Smith,* and *Samuel Barnum,* for the plaintiff in error; *Davis, Kellogg & Severance,* of counsel.

*F. L. Martin, F. F. Prigg,* and *C. M. Williams,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: In his brief the plaintiff practically admits the correctness of the ruling as to the first count of the petition, and counsel for both parties concede that the three-year statute of limitations is applicable to the second cause of action.

It may be said, by way of premise to the consideration of the authorities cited, that the receiver of an insolvent corporation acts in a fiduciary relation toward both the creditors and stockholders of the insolvent concern. The creditors justly expect him to endeavor to make the assets discharge their claims, and, if need be, and there be an obligation on the stockholders to pay any deficiency, that he will exercise diligence in collecting the amount of such liability, not exceeding the

36—80 KAN.

deficiency. The stockholders also look to him to realize as much as possible from the assets to pay the indebtedness, and, if a surplus can be accumulated, to enlarge their dividends. If it becomes necessary in order to pay debts to make an assessment upon the stockholders, then each stockholder looks to the receiver to see that every other solvent stockholder is compelled to pay his share, to the end that no other assessment may become necessary. The receiver, then, was acting in the interest of, and in a sense for, the defendant in prosecuting the claims for contribution against the national banks, which were presumably solvent. The banks refused payment of the assessment against them. The receiver promptly brought suits and obtained favorable judgments, and upon a reversal thereof by the supreme court of the United States promptly applied for and obtained from the court having jurisdiction of the case the order for the second assessment, and upon the refusal or neglect of the defendant to pay it brought this action. The defendant would have been aggrieved had the first assessment been for one hundred per cent. on the value of his stock—nearly three times the amount apparently necessary to discharge the remaining obligations of the corporation.

If it be said that the receiver was bound to know the law and that he knew when the national banks refused to pay the assessment that they were not liable therefor, it must also be said that his mistake was the mistake of the defendant and other stockholders for whom he was then acting and whose interests were adverse to those of the national banks. The receiver, however, can not be held to this rule. He was but the arm of the court, and was obeying its direction. If the prosecution of the claims against the national banks occurred through ignorance of the law, it was the mistake of the court by whose order alone he was empowered to act, and is not attributable to him. The result of the action against the national banks to collect the first assess-

ment must therefore be regarded as a contingency upon which depended the right of the Minnesota district court to order the second assessment. If, under the first assessment, sufficient money could be obtained to discharge the obligations of the insolvent corporation, there was no occasion for making a second assessment; otherwise, it was the duty of the court to make a second assessment.

"A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability." (*Adm'r of Sargent v. Adm'r of Kimball*, 37 Vt. 320, 321.)

(See, also, *Stevens v. Stevens*, 172 Mo. 28; *Jorgenson v. Larson*, 85 Minn. 134.)

The statute of Minnesota which was pleaded and made a part of the petition specifies many contingencies which may affect the amount to be raised by an assessment, and then provides that the court shall, after hearing the parties and the evidence offered, order such a ratable assessment upon all parties liable as stockholders as appears necessary, considering the probable solvency and responsibility of the stockholders and the probable expense of collecting such assessment. The statute further provides:

"Whenever, at any time after an assessment for an amount less than the maximum stockholder's liability has been levied, it shall appear, by petition or otherwise, and after hearing as hereinbefore provided, that by reason of the insolvency of stockholders, or for any other cause, it is necessary, or for the interest of creditors, that a further assessment be levied, the court shall order the same for such amount, proportion or percentage as it may deem proper; and in the same manner, and with like effect, at any time thereafter may levy additional assessments, not exceeding in the aggregate the maximum stockholders' liability." (Rev. Laws Minn. 1905, § 3188.)

It appears, then, that the Minnesota district court was expressly authorized by the law of the state to de-

termine when the contingencies of the case made it necessary to order a second assessment. It also appears by the petition that that court exercised the power conferred by statute and judicially determined that the second assessment was necessary, and accordingly ordered it.

The defendant, contending that the action is barred on the second count, correctly says that the question is to be determined by the law of this state. (*Rankin v. Barton*, 69 Kan. 629.) He also relies upon the case cited and the case of *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, as authority for the proposition that the cause of action is barred under the rule that where some preliminary action is essential to the bringing of a suit upon a claim, and such precedent action devolves upon the claimant, he can not prevent the operation of the statute of limitations by unnecessary delay in taking such action.

In *Rankin v. Barton, supra*, Rankin was the receiver of a national bank, and brought the suit against a stockholder of the bank upon an assessment made by the comptroller of the currency. The duty of taking an accounting, and making an assessment if necessary, devolved upon the comptroller, and, the right of action therein not arising until such action had been taken, the rule was laid down as above stated. That action was brought upon a second assessment, nine years after the insolvency of the bank and eight years after the first assessment had been made. No reason was given for the long delay, and in the absence of such reason it was held that the delay was unreasonable and the action was barred. It is apparent that that case was very different from this, and under the rule there promulgated the question in this case is whether the reason pleaded shows the delay to have been reasonable.

In *A. T. & S. F. Rld. Co. v. Burlingame Township, supra*, which was an action by the township to recover damages against the railroad company resulting from

Converse v. Elward.

the manner of the building of its railroad across a pub-
lic highway, a preliminary proceeding to have the dam-
ages appraised was necessary.   The township trustee
applied to the commissioners in June, 1884, for the
appointment of appraisers of the damages, a report of
the appraisers was made, and the action was brought
by the township against the company within less than a
year thereafter.   To the petition of the plaintiff, which
set forth no reason for the delay, the defendant an-
swered that the railroad had been constructed in 1869,
about fifteen years before the bringing of the action,
and that the action was barred.   The plaintiff de-
murred to the answer.   The district court overruled the
demurrer, and this court reversed the ruling.   The sec-
ond paragraph of the syllabus reads:

"Where preliminary action is essential to the bring-
ing of an action upon a claim such as is required of the
township trustee in chapter 105 of the Laws of 1876,
and such precedent action rests with the claimant, he
can not prevent the operation of the statute of limita-
tions by long and unnecessary delay in taking such
action; but the statute will begin to run in a reasonable
time after he could by his own act have perfected his
right of action; and such reasonable time will not in any
event extend beyond the statutory period fixed for the
bringing of such an action."   (36 Kan. 628.)

The defendant herein construes the last clause of
that syllabus to mean that under no circumstances
whatever could the time of bringing the precedent ac-
tion be delayed beyond the statutory period.   The lan-
guage should be read and understood in connection with
the context.   We take its true meaning to be as fol-
lows:   Where the duty to take the preliminary action
rests upon the claimant he can not prevent the opera-
tion of the statute of limitations by long and unneces-
sary delay in taking such action, but in such case the
statute of limitations will begin to run in a reasonable
time after the claimant could have taken the prelim-
inary action, and unnecessary inaction for the full

period of limitation always amounts to an unreasonable delay.

The rule leaves the question pending here to be, Did the bringing of the precedent action rest upon the receiver, and was the delay unnecessary? In the Burlingame case the precedent action was wholly within the control of the township trustee. In this case the precedent action was not wholly within the control of the receiver. In that case no reason whatever was given for the delay. In this case a very tangible reason affecting the rights of the defendant and other stockholders is given. The making of the second assessment did not rest with the receiver. After his appointment he promptly applied to the district court to make the first assessment. The court decided the assessment was necessary, fixed the rate which appeared to it sufficient, and ordered the receiver to proceed to collect any amounts not paid within thirty days. The receiver proceeded to obey the order without apparent delay, and when the adverse decision was rendered promptly applied for another assessment. Although considerable time elapsed between the first and second assessments, we think it can not be said as a question of law that the delay was unreasonable or unnecessary. The statute of limitations, then, did not begin to run until the second assessment was made, and this action was commenced within three years thereafter.

It is urged that a statutory liability of a stockholder created by the laws of another state should not be enforced by the courts of this jurisdiction. The liability is not pleaded as statuory, but as arising from the contract of subscription for the stock. (*Rankin v. Barton,* 69 Kan. 629, 633.) Nor was this the ground of the demurrer or of the ruling of the court thereon. (*Mentzer v. Burlingame,* 71 Kan. 581.)

The order sustaining the demurrer to the second cause of action and the order of dismissal are reversed, and the case is remanded for further proceedings in accordance herewith.