No. 19,529.

The Atchison, Topeka & Santa Fe Railway Company, *Appellee*, v. The City of Topeka, and Matt Weightman, Jr., as County Treasurer, etc., *Appellants*.

SYLLABUS BY THE COURT.

Cities — *Taxation — Creating a $25,000 Reserve Fund — Construction of Statute.* The provision of the act of 1907 providing for commission form of government of cities (Laws 1907, ch. 114, § 112, Gen. Stat. 1909, § 1328) concerning a levy of taxes to create a reserve fund, is construed to mean merely an authorization to set apart out of the general revenue fund a sum not exceeding twenty-five thousand dollars to be kept on hand to meet contingent expenses properly and legally payable and occurring by reason of some unforeseen disaster or extraordinary emergency.

Appeal from Shawnee district court, division No. 1; Alston W. Dana, judge. Opinion filed June 12, 1915. Affirmed.

*W. C. Ralston,* city attorney, for the appellants.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: This case involves the validity of a certain tax levied by the city of Topeka. The trial court held it void and the city appeals.

In the act providing for the commission form of government it was made the duty of the board of commissioners in July of each year, or as soon thereafter as practicable, to "make a careful estimate of the probable revenues for the next fiscal year (beginning January 1) and apportion the same to the several departments of the city government, including a reserve fund of not to exceed twenty-five thousand dollars, to be used only in case of extraordinary emergencies, such as act of God or other sudden disaster, which could not have been foreseen before their occurrence. Any unexpended portion of such reserve fund created for any year shall constitute part of such reserve fund for the next ensuing year." (Laws 1907, ch. 114, § 112, Gen. Stat. 1909, § 1328.) The heads of departments are to submit, thirty days in advance, estimates of the amounts needed for the conduct of their departments for the next ensuing fiscal year. "The sums as fixed in said budget shall be appropriated after the beginning of the next ensuing fiscal year for the purposes named. Said board of commissioners shall levy taxes annually and make provision for sufficient revenue to meet all contemplated expenses included in such budget." The board, in addition to the full levy for general revenue, levied a tax of forty-eight one-hundredths of a mill for the year 1911, which was sufficient to raise a reserve fund of twenty-five thousand dollars. When this levy was made the city was by chapter 81 of the Laws of 1911 limited as to levies as follows:

"For general revenue fund, two mills; for general

improvement fund, two mills; for water fund, to discharge existing legal obligations for water supplied to the city, one mill; for judgment fund, one-quarter of one mill; for park fund, one mill; for library fund, one-fourth of one mill; for lighting fund, to discharge existing legal obligations for lights supplied to the city, six-tenths of one mill. All other levies authorized by statutes for cities of this class not specifically named in this section are hereby limited to one-fourth of the rates of levy so authorized."

The city contends that this reserve fund is authorized in addition to the general revenue and improvement funds, while the plaintiff insists that it is merely a part of the general revenue fund, and that as the limit therefor was reached, the attempted reserve levy was void.

The terms general revenue and current expenses have been construed in a number of decisions, the general result being to consider them applicable to the usual ordinary, running, and incidental expenses of a given municipality. (*The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kan. 419, 434; *Comm'rs of Osborne Co. v. Blake*, 25 Kan. 356; *A. T. & S. F. Rld. Co. v. Wilhelm, Treas.*, 33 Kan. 206, 6 Pac. 273; *K. C. Ft. S. & G. Rld. Co. v. Scammon*, 45 Kan. 481, 25 Pac. 858; *Stevens v. Miller*, 3 Kan. App. 192, 43 Pac. 439; *The State, ex rel., v. Cowley County*, 86 Kan. 201, 119 Pac. 327, and cases cited. See, also, *Railway Co. v. Kansas City*, 92 Kan. 300, 140 Pac. 1040, and *Super v. Modell Township*, 92 Kan. 979, 146 Pac. 993.) Here the fund in question is expressly provided for use "only in case of extraordinary emergencies, such as act of God or other sudden disaster, which could not have been foreseen before their occurrence" (§ 1328), which may be deemed a way of describing a sort of contingent fund (*Odd Fellows v. Troutman*, 80 Kan. 441, 454, 103 Pac. 94; *Converse v. Elward*, 80 Kan. 558, 563, 103 Pac. 140; 2 Words and Phrases, p. 1498 *et seq.;* 9 Cyc. 72), which would ordinarily be covered by the general revenue or current

expense provision, for the very reason that it would not be included in funds provided for specific purposes like a fund for the payment of judgments or one for park purposes. By the next section (Gen. Stat. 1909, § 1329) the officers are prohibited from creating any indebtedness exceeding the fund on hand, and this appears to be a plan adopted for keeping on hand a sum to be drawn upon in case of emergency, regardless of the regular and ordinary drafts for current expenses.

It is pressed upon us by the plaintiff that this fund is not one provided for a public purpose but one intended for private succor in time of public distress and therefore not within the taxing power, and void. It is true that no tax can be lawfully levied, except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied (Const., art. 11, § 4), and if we felt compelled to regard this as a separate fund, additional to the general fund, it might be a matter of grave doubt whether any public purpose is sufficiently indicated to uphold the provision, for instead of specifying what the fund is to be used for it only sets forth when it is to be used. But construing it as an authorization to set apart a portion of the general revenue fund to be kept on hand for extraordinary contingencies, and adding the presumption that it was not intended and will not be used for private purposes, it may be upheld. And yet even with this construction it would be possible to devote nearly one-fourth of the general revenue fund to this somewhat indefinite purpose, and by repeating the levy and carrying over the sum on hand soon to accumulate such an amount in the treasury as to cause great loss and trouble. Added to this consideration should be the other, that it is far easier under the constitution to put a fund into the treasury than to divert it when once there, and should the contemplated contingency not happen and should the board continue to make the levy a condition might soon arise

that would indeed be difficult to deal with. It is clear, however, that at least the amount of the levy is entirely discretionary within the maximum, and this fact may save serious complications which might otherwise be most embarrassing.

It is somewhat significant that the limitation acts ever since 1909 have carried and continued the provision that "All other levies authorized by statutes for cities of this class not specifically named in this section are hereby limited to one-fourth of the rates of levy so authorized." (Laws 1909, ch. 245, § 18; Gen. Stat. 1909, § 9411; Laws 1911, ch. 81; Laws 1913, ch. 98) ; and that the act of 1913 raised the limit for general revenue to four mills. Were the word "rates" changed to "levies" in these limitation acts, clearly three-fourths of this twenty-five-thousand-dollar levy would be void, and were this to be added to the fund now raised by a four-mill levy for general revenue purposes the burdens of taxation might be a just subject of complaint.

Giving such effect to the enactment as harmonizes with the constitutional requirements it may be sustained as an authorization to set apart out of the general revenue fund a sum not exceeding twenty-five thousand dollars to meet contingencies requiring proper and lawful expenditures and occurring by reason of unforeseen disaster or extraordinary emergencies.

But for the reasons already suggested it can not be upheld as a legal addition to the general revenue fund, and therefore the judgment of the trial court is affirmed.

Mr. Chief Justice JOHNSTON and Mr. Justice BURCH dissent.