Duane Johnson State Librarian State Capitol, Third Floor Topeka, Kansas 66612
Dear Mr. Johnson:
You request our opinion regarding the authority of a municipality to eliminate the library fund levy authorized by K.S.A. 12-1220. Your specific questions are as follows:
 "1) Can the governing body of a municipality eliminate the library fund levy for a library that has been established under the procedures specified in K.S.A., Chapter 12?
 "2) If the library fund levy is eliminated, are the authorities and responsibilities of the library board for the operation of the library, as specified in Chapter 12, changed in any way?"
You explain that the library boards of two counties, Kearny and Hamilton, have contacted you regarding this issue. Apparently the accountant for those two counties has recommended to the county commissioners that the library fund be made a part of the county general fund. Information we have received from Kearny County indicates that the recommendation was made because the accountant believed there should be more accountability for these funds, the library board not being an elected body. It does not appear that the library levy is being eliminated, but rather that it is being accounted for differently.
We assume that the libraries in question were created under or are subject to K.S.A. 12-1218 et seq., statutes dealing with city, county and township libraries. K.S.A. 12-1220 provides in part:
 "[If the electorate votes in favor of establishing and maintaining a library], the governing body shall forthwith establish such library and is hereby authorized to and shall annually levy a tax for the maintenance of such library in such sum as the library board shall determine within the limitations fixed by law. . . .
 "Such tax shall be levied and collected in like manner as other taxes of the municipality and, except for an amount to pay a portion of the principal and interest on bonds issued under the authority of K.S.A. 12-1774, and amendments thereto, by cities located in the county, shall be kept in a separate fund to be known as the library fund of such municipality. . . ." (Emphasis added.)
In the situation you present, the "municipality" is the county, and the "governing body" is the board of county commissioners. K.S.A. 12-1218(a), (b). Thus, the county is to establish the library and levy a tax annually for maintenance of the library in the amount determined by the library board. See Attorney General Opinions No. 86-36, 82-193. The tax so levied, except as needed to pay off bonds, is to be kept in a separate fund of the county. The term "fund" is not defined in K.S.A. 12-1218 et seq., nor is there a general statutory definition for this term. It is defined under generally accepted accounting principles as "[a] fiscal and accounting entity with a self-balancing set of accounts in which cash and other financial resources, all related liabilities and residual equities, or balances, and changes therein, are recorded and segregated to carry on specific activities or attain certain objectives in accordance with special regulations, restrictions or limitations." Government Finance Officers Assn.,Governmental Accounting, Auditing and FinancialReporting, (1994). See also League of Kansas Municipalities, Governing Body Handbook 78-79 (1997). Pursuant to the local government budget law, moneys from one fund are not to be diverted to any other fund except as specifically authorized by law. K.S.A. 79-2934. As used in this act, the term fund "is intended to have reference to those funds which are authorized by statute to be established, [and] is not intended to mean the individual budgeted items of a fund. . . ." K.S.A.79-2925(b). These definitions evidence the distinction between a "fund" and an "account" within a fund. The Kansas Supreme Court has defined the term "general fund" of a county as "the proceeds of a tax levied to provide for the usual current expenses." Smith v. Haney,73 Kan. 506, 509 (1906). See also Black's Law Dictionary 684 (6th ed. 1990) ("the primary operating fund of a governmental unit not designated for any specific purpose"). Quoting from a Nebraska Supreme Court case, the Kansas Court has said:
 "`The "general fund" of a county, as its name implies, is one devoted to a variety of uses, and expenditure is left mainly to the discretion of the board of county commissioners. . . .'" The Kansas City, Fort Scott Gulf Railroad Co. v. Scammon, 45 Kan. 481, 483 (1891).
Discussing the differences between general funds and special funds, 15 McQuillin, Municipal Corporations § 39.45 (3rd ed. 1995) provides:
 "Municipal funds are either general or special. Certain claims are payable out of the general funds, and ordinarily general funds may be appropriated by the council to any municipal object. So when there is no requirement, by statute or otherwise, that money coming into the city treasury shall be kept in a special fund and applied to a particular purpose, it is proper, of course, to place it in the general fund, and to use it for general city purposes. But money belonging to a special fund, though collected into the general fund, should be transferred to the special fund." (Footnotes omitted).
Based on the above-cited authorities, it is our opinion that by establishing a separate fund and directing that the library levy be deposited there, the Legislature did not intend for the library fund created under K.S.A. 12-1220 to be commingled with the municipality's general fund moneys.
We are unable to ascertain from the information given whether Kearny and Hamilton Counties are in compliance with these statutory provisions and accounting principles with regard to treatment of the library fund. If the library levy is placed in a separate fund, as that term is defined above, the county is in compliance with the statute. If the library levy is commingled with other moneys in the county general fund, albeit in a separate account, the county is not in compliance. [We note that the issue of accountability is one for the Legislature to determine. In this regard, the statutes currently require each library board to have a treasurer, K.S.A. 12-1224, who is to give bond in an amount fixed by the library board and approved by the county. K.S.A. 12-1226(a). The treasurer is to control and account for all library moneys. Id. The library board is a body corporate and politic with the power to sue and be sued. K.S.A. 12-1223(a). The library board is to report annually to the governing body of the county, "showing receipts and disbursements from all funds under its control." K.S.A. 12-1225.]
In conclusion, K.S.A. 12-1220 requires that the tax levied pursuant to that statute for the maintenance of a library be kept in a separate fund, to be known as the library fund of the municipality levying the tax. Municipalities may not commingle moneys in this fund with moneys in the municipalities' general fund.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm