This action was brought to recover of the defendant an amount of money claimed to be due from it to the plaintiff on account of the following facts: On the 9th day of March, 1870, the plaintiff had with the defendant a deposit account, upon which was due the plaintiff more than $17,500, and on that day the plaintiff drew a check on the defendant for that sum, payable to the order of Mrs. Halpine. That check was on the same day certified to be good by the teller of the defendant. It does not appear for whom or upon whose request the certification was made. On the next day the check, with the forged indorsement of Mrs. Halpine thereon, was presented to the defendant for payment, and by it paid to some person other than Mrs. Halpine, and the amount thereof was then charged to the plaintiff in the books of the defendant. *Page 110 
According to the usual course of dealing between the parties, the pass-book containing the entries of the deposits made by the plaintiff with the defendant, and of the payments made by the defendant on account thereof, was written up and returned to the plaintiff every fortnight, together with the checks or other vouchers for the payment of the moneys so entered in the book as paid. On the 17th day of March, 1870, in accordance with such course of dealing, the pass-book containing the charge of the check for $17,500, was balanced and returned to the plaintiff, together with the check as a voucher for such charge. The account between the parties has at all times since the date of the check continued and still exists. The plaintiff had no notice or knowledge that the signature of Mrs. Halpine on the bank of the check was claimed to have been forged until on or about the 24th day of January, 1877, and thereafter, on the 26th day of May, it notified the defendant thereof, and still later further notified the defendant that suit had been commenced against it for the recovery of the amount of the check, upon the allegation that Mrs. Halpine's indorsement thereof had been forged. On the 20th day of June, 1877, the plaintiff demanded of the defendant the payment of the amount of the check and tendered the check to it, and it refused payment. This action was commenced on the 7th day of November, 1877.
Upon the trial the only defense relied upon by the defendant, so far as the record now before us discloses, was the statute of limitations, and that defense was overruled by the court.
We are of opinion that the plaintiff's cause of action was not barred by the statute of limitations. The defendant had no specific moneys of the plaintiff in its possession, but became a debtor to the plaintiff for all moneys deposited with it by the plaintiff. The law is settled beyond dispute that the debt on account of the moneys so deposited does not become due until demand actually made, and that a depositor has no cause of action for such debt until after actual demand.
In this case the certification did not make the check due without demand. Such a certification simply binds the drawee bank to have and held sufficient funds to pay the check to one *Page 111 
lawfully demanding payment. In other respects it still remains a depositary liable to pay only upon demand. It would be a very inconvenient rule, subversive, it is believed, of the usage and contrary to the understanding of bankers, to hold that all certified checks were due and could be sued upon without demand.
The mere drawing of the check was not a demand. By the check the plaintiff authorized Mrs. Halpine, or some person taking the check from or under her, to make the demand. Here Mrs. Halpine never made any demand of the defendant, and no person in her behalf made any demand, and the plaintiff first demanded payment on the 20th day of June, 1877.
When the defendant paid the check upon the forged indorsement, it paid its own money, and discharged no part of its indebtedness to the plaintiff. It still remained indebted to the plaintiff for the sum of $17,500; and the plaintiff lost none of its rights by receiving, under a mistake as to the facts, the check as one properly paid and charged to its account by the defendant. When it discovered the mistake it had the right to repudiate the charge, return the check and claim payment of the sum really unpaid to it or upon its order. The defendant was bound to see to it at its peril that the indorsement of Mrs. Halpine was genuine; that it paid the check to one entitled to the payment thereof; and that it got good title to the check as a voucher, and the loss, as between it and the plaintiff, for a wrongful payment, must fall upon it.
These views are abundantly sustained by authority. (Weisser
v. Denison, President, etc., 10 N.Y. 68; Howell v. Adams,
68 id. 314; Welsh v. German Am. B'K, 73 id. 424; 29 Am. Rep. 175; Thomson v. B'k of British North Am., 82 N.Y. 1.)
The judgment should be affirmed, with costs.
All concur, except RAPALLO, J., absent.
Judgment affirmed. *Page 112