THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF STEVENS v. TANDLER BROTHERS.

No. 330.   (59 Pac. 599.)

1. LIMITATION OF ACTION—*Demand.*  Where demand for payment
is necessary to perfect a right of action upon contract, the statute
of limitations runs from the date of demand.

2. ———— *County Warrants—Presentation.*  A cause of action
upon a county warrant does not accrue, within the meaning of
section 12 of the civil code (Gen. Stat. 1897, ch. 95, § 12;  Gen. Stat.
1899, § 4262), until the warrant has been presented at the county
treasury and the payment thereof has been refused;  and, in the
absence of unreasonable delay in such presentation, the statute of
limitations does not begin to run prior thereto.

Error from Stevens district court;  WM. EASTON
HUTCHISON, judge.   Opinion filed October 17, 1899.
Affirmed.

*J. A. Kelley, O. G. Eckstein,* and *Kos Harris,* for plain-
tiff in error.

*Rossington, Smith & Histed,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. :  In this action the defendants in error
obtained judgment against the plaintiff in error upon
thirty-two county warrants.   The record shows that
practically all of the warrants were dated April 13,
1892, and were presented for payment to the county
treasurer on the following day.   Not having funds,
the treasurer indorsed the warrants, " Presented and
not paid for want of funds."   This suit was brought
on April 14, 1897.   Three of the warrants were not
presented for payment until about six months from
dates of issue.   The defendant below set up the statute
of limitations as one of the defenses to each cause of

action.    Judgment was rendered in favor of plaintiffs below in the sum of $1200.51.

The question presented for decision in this court is whether the statute of limitations commences to run from the date of the issuance of the county warrants or from the date of presentation thereof to the county treasurer for payment.    By section 6 of chapter 249, Laws of 1891 (Gen. Stat. 1897, ch. 50, § 6 ; Gen. Stat. 1899, § 5830), it is made the duty of a county treasurer to pay on presentation any warrant properly drawn on any fund in his custody by virtue of his office, when there is sufficient money in his possession belonging to such fund to pay the warrant.    By section 7 of that chapter it is provided that, in case there is not sufficient money in the hands of the treasurer to pay any warrant when presented, he shall indorse thereon a proper registered number in the regular order of its presentation, and the words "Presented and not paid for want of funds," with date, and shall sign said indorsement ; and shall record in his warrant register certain data respecting each warrant in the order of its presentation as shown by his record. Section 8 of said chapter provides for payment of the registered warrants from funds coming into the treasurer's hands, upon published calls for the redemption of such warrants as he can pay, at the times stated in the statute.

Construing in a general way the foregoing provisions, the supreme court has held that "an action cannot be maintained upon a county warrant until the warrant has been presented at the county treasury and payment thereof has been refused." (*Railroad Co. v. Kearny County*, 58 Kan. 19, 48 Pac. 583.)

It thus appears that by the implied terms of the contract embodied in a county warrant the obligation

to pay arises only upon demand for payment. The statute of limitations provides:

"Sec. 12. Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued . . . : First, within five years: An action upon any agreement, contract or promise in writing." (Gen. Stat. 1897, ch. 95, § 12; Gen. Stat. 1899, § 4262.)

The important inquiry in the present case is, When did the plaintiff's cause of action accrue? It seems to be settled law that, where a demand is necessary to perfect a right of action, the statute runs from the date of demand. (13 A. & E. Encycl. of L. 721, and note.) In *B'k of Brit. No. Am. v. Mer. Nat'l B'k of N. Y.*, 91 N. Y. 106, it was held that demand for payment of a certified check was a condition precedent to the right of action to recover thereon, and that the statute of limitations began to run from the date of such demand. In *Ganley v. Troy City National Bank*, 98 N. Y. 487, the court said:

"It is universally true that the statute of limitations does not commence to run upon a cause of action upon contract until it has accrued, and that where a demand is necessary before an action can be commenced the statute does not begin to run until after demand."

In view of the foregoing, it must be held that the plaintiffs' cause of action upon the warrants did not arise until the date of their presentation for payment and that such cause of action was not barred.

We have yet to consider a question which arises from the delay of the plaintiffs in presenting certain of the warrants for payment. It is a correct general proposition of law that a plaintiff cannot defer the running of the statute of limitations by his own laches.

"In most states, however, the statute will not run until he has made his cause of action perfect, but his right to do this is held to be lost unless exercised within a reasonable time, and what time is reasonable is often determined by analogy to the term prescribed by the statute of limitations." (13 A. & E. Encycl. of L. 726, 727.) The supreme court of this state has, in a well-considered case, stated its conclusion upon the question before us in the syllabus of the case of *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, 14 Pac. 271, as follows:

"Where preliminary action is essential to the bringing of an action upon a claim such as is required of the township trustee in chapter 105 of the Laws of 1876, and such precedent action rests with the claimant, he cannot prevent the operation of the statute of limitations by long and unnecessary delay in taking such action; but the statute will begin to run in a reasonable time after he could by his own act have perfected his right of action; and such reasonable time will not in any event extend beyond the statutory period fixed for the bringing of such an action."

In the light of the above decision, we hold that the warrants in question were presented within a reasonable time after the issuance of the same, and that the statute of limitations did not begin to run prior to the date of their presentation for payment. The judgment of the district court will be affirmed.