### SKIDMORE v. LEAVITT et al.

No. 8826—Opinion Filed July 23, 1918.

Rehearing Denied Oct. 8, 1918.

(175 Pac. 503.)

1. **Limitation of Actions—Specific Performance—Accrual of Cause of Action.**

In an action for the specific performance of a contract to convey real estate, where no time of performance is fixed in the contract, the action accrues against the vendor when the vendee within a reasonable time tenders performance of the conditions incumbent upon him, and the vendor refuses performance and the statute of limitations begins to run from that date.

2. **Specific Performance—Contract to Convey Property — Alternative Method of Payment.**

Where two modes of payment of the consideration are attempted to be provided for in a contract to convey, and one of them fails on account of the uncertainty, the contract is not thereby rendered unenforceable, as the vendee has a right to have the contract enforced by performing the certain and valid alternative.

3. **Same—Sufficiency of Petition—Consideration—Decree.**

In an action by vendee against vendor for specific performance of a contract to convey,

where the plaintiff pleads that he has tendered the consideration, and is able, ready, and willing to perform all the conditions of the contract incumbent upon him, the petition does not fail to state a cause of action on account of a defective plea of proffer of the consideration into court. The court, exercising its equitable powers, has the right to prescribe in its decree such conditions as will do equity between the parties.

(Syllabus by Pryor, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action for specific performance by Nate Skidmore against J. H. Leavitt and others. Objection to the introduction of plaintiff's evidence sustained, and he brings error. Reversed.

J. S. Severson, for plaintiff in error.

Rice & Lyons, for defendants in error.

Opinion by PRYOR, C. In so far as the questions presented on appeal are concerned, this is an action by Nate Skidmore against J. H. Leavitt to enforce the specific performance of a certain contract for the sale of real estate. The contract which is sought to be enforced is dated the 24th day of December, 1907, and provided that the defendant was to procure title to certain lands described in said contract and convey the same to the plaintiff for the sum of $3,000, said sum to be paid by delivery of stock in the Coweta State Bank and $1,500 in money, or a note for $1,400 signed by P. A. Fox and secured by real estate mortgage on 120 acres of land lying west of Broken Arrow, and $100 in cash. Upon the plaintiff's offer to introduce his evidence, the defendant objected, for the reason that the petition did not state facts sufficient to constitute a cause of action, and that the contract sued upon was too uncertain and ambiguous to be specifically enforced. The objection was sustained by the court, and plaintiff appeals.

It is the contention of the defendant that the petition does not state facts sufficient to constitute a cause of action on the following grounds: (1) That the action is barred by the statute of limitations; (2) that the contract sued upon is so uncertain and ambiguous that the court is unable to render a decree of specific performance; (3) that the plaintiff's plea of tender into court is insufficient.

The contract provides that the defendant will perfect the title to the lands in controversy and then convey the same to the plaintiff. There is no time fixed in the contract when the conveyance shall be made. The petition states that on the 26th day of

August, 1908, the defendant procured title to the land described in the contract, and further alleges:

"That since the making of said contract your petitioner has been ready, willing, and able to perform his part of said contract upon the delivery to him of a deed as specified in said contract, and that he has tendered said bank stock and said money as set out in said contract to said defendant J. H. Leavitt, and now and herewith tenders to this court, for the use and benefit of said defendant J. H. Leavitt, all of said bank stock and all of said sum of money, to wit, $$1,500, less the sum of $800, which this plaintiff was compelled to expend in order to defend his title to said tract of land first described in said contract, to save himself from being forcibly evicted from said premises by the true owners thereof."

The cause of action accrued in this case when defendant breached the contract by refusing to perform the conditions thereof upon tender being made by the plaintiff of his part of the agreement. Kee v. Satterfield, 46 Okla. 660, 149 Pac. 243; Stevens County Com'rs v. Tandler Bros., 9 Kan. App. 761, 59 Pac. 599. The petition does not disclose when the contract was breached by the refusal to perform the conditions thereof upon plaintiff's making tender of purchase price. The defendant specifically pleads the statute of limitations. Under the pleadings in this case it would be a question of fact as to when the statute of limitations commenced to run.

The next contention made by defendant is that the contract is so uncertain and ambiguous that it does not permit specific performance to be decreed by the court. The contract provides for the payment of consideration as follows:

"Party of the second part agrees to pay to the party of the first part the sum of $3,000, as follows: When the party of the first part procures said deeds above mentioned for the party of the second part, party of the second part agrees to deliver to the party of the first part stock in the Coweta State Bank, properly indorsed to J. H. Leavitt, and further agrees to pay to J. H. Leavitt the sum of $1,500 or to deposit with some bank a $1,400 note signed by P. A. Fox and secured by a second mortgage on 120 acres of land west of Broken Arrow and $100 in cash, said note and cash to be delivered to J. H. Leavitt."

The defendant contends, from the holding of the court in the case of Strack v. Roetzel, 46 Okla. 695, 148 Pac. 1017, that as there is no date of maturity for the note provided for in the said contract, and as the land to be mortgaged as security for payment of the note is so imperfectly described as to be fatally defective, the provision in the contract for the consideration is too uncertain and ambiguous to be enforced. The agreement to give the note is an alternative agreement. The agreement provides that the second party may pay the sum of $1,500 or give a note and mortgage therefor. Where two alternatives exist in a contract, the promisor has a right to elect which one he will perform, and especially is this true when one of the alternatives is so uncertain as to fail. Foster v. Goldschmidt (C. C.) 21 Fed. 70; Galloway v. Legan, 4 Mart. (N. S. La.) 167; Barker v. Jones, 8 N. H. 413; Smith v. Sanborn, 11 Johns, (N. Y.) 59; Mayer v. Dwinell, 29 Vt. (3 Wms.) 298. As plaintiff specifically agreed to pay $$1,500 or give note and mortgage in lieu thereof, he had a right to choose which he would perform. It does not render the contract unenforceable for the reason that the provision for the note and mortgage is so uncertain that it must fail.

It is further urged that the contract is uncertain and ambiguous, in that the amount of bank stock which plaintiff agreed to deliver to the defendant is not specified in the contract. The contract must be construed as a whole. The purchase price provided for in the contract was $3,000, $1,500 of which was to be paid in cash, which leaves the balance of $1,500 to be paid in bank stock. It clearly shows that it was the intention of the parties that the plaintiff should deliver to the defendant bank stock to the value of $1,500. It is a universally recognized rule that the court will not refuse to enforce a contract where the same can reasonably be sustained.

The last contention urged by defendant is that plaintiff has failed to plead a sufficient tender of the consideration in court. The petition alleges, as set out above, that plaintiff has been and is ready, willing, and able to perform his part of the contract upon delivery of the deed specified in the contract, and he tendered said bank stock and said money as provided in said contract to said defendant, and now tenders into court the $1,500, less the $800 which he has been compelled to expend to defend his title. The defendant contends that the tender into court is rendered a nullity, for the reason that the plaintiff has not offered to tender into court the full amount, but has undertaken to deduct $800 as damages, and that this is fatal to his recovery. The plaintiff alleges that he has tendered the consideration to the defendant, and is able, ready, and willing to perform his part of the contract. He pleads tender into court of the bank stock and $1,-500, less $800, which amount he claims as

damages resulting from defective title. Granting that this plea of tender into court is defective, it would not render the petition insufficient to state a cause of action. Having pleaded his ability and willingness to perform the conditions of the contract incumbent on him, the court in the exercise of its equitable powers may prescribe in its decree such conditions as would be proper and just under circumstances of the case. Stevens v. Elliott, 30 Okla. 41, 118 Pac. 407.

The judgment of the trial court should be reversed.

By the Court: It is so ordered.