## HENDERSON et al. v. ARKANSAS et al.

No. 9125—Opinion Filed Oct. 29, 1918.

Rehearing Denied Dec. 17, 1918.

(176 Pac. 751.)

(Syllabus.)

**1. Judgment—Determination of All Claims.**

Where, in a suit in a district court of this state in the nature of a suit in equity, all the parties, plaintiffs and defendants, are before the court, and proof is submitted to sustain the contentions of the several parties in accordance with their respective pleadings, it is the duty of the court to render such judgment as will meet all the exigencies of the litigation and equitably settle all the conflicting rights and claims of the parties, however numerous and complicated the interests involved may be.

**2. Same—General and Special Relief.**

In such case the court, in granting the necessary and proper relief to the plaintiff, is not restricted by the demand for specific relief prayed for in his petition, but under the prayer for general relief may grant such appropriate relief as follows legitimately and logically from all the pleadings and the proof.

**3. Same—Conditions.**

In such a case the court may attach to the grant of relief any reasonable conditions that to it seem proper.

**4. Appeal and Error—Election to Accept Relief—Objection.**

Where, in such suit, the court renders judgment on the proof submitted wherein the plaintiff is permitted to elect between two methods of relief therein granted, and where he elects to accept that method which will cause him to have judgment against certain defendants for a lesser sum than he would have against them, had he elected to accept the other method, these defendants cannot complain because the plaintiff so elected.

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Freeman Arkansas and another against W. Henderson and others. Judgment for plaintiffs, and from an order overruling a motion to vacate the judgment, defendants bring error. Affirmed.

Sigler & Howard and Kennamer & Coakley, for plaintiffs in error.

T. L. Wright and Rider & Hurt, for defendants in error.

TISINGER, J. This case is appealed to

this court by petition in error and transcript of the record from an order of the district court of Marshall county overruling a motion to vacate a judgment rendered in that court wherein Freeman Arkansas and Lucy Arkansas, husband and wife, were plaintiffs, and V. J. Howard, W. Henderson, Mattie Howard, Mamie Henderson, and J. M. Collins were defendants. The judgment attacked in the district court by motion and in this court by petition in error is as follows:

"On this the 22d day of December, 1913, this cause came on to be heard, and the plaintiffs and defendants appeared either in person or by their attorneys of record herein, and after hearing a portion of the evidence this cause was continued until the 20th day of January, 1914.

"Now on this January 20, 1914, the same being one of the regular judicial days of the December, 1913, term of this court, this cause came on for final hearing and submission, and after hearing the evidence and argument of counsel, a jury having been regularly waived, the court finds:

"That on January 24, 1911, the plaintiff Freeman Arkansas was the legal owner in fee simple of the following described lands: The W½ of N. E. ¼ of S. W. ¼ and N. W. ¼ of S. W. ¼ less 1.06 acres for A. & C. Ry. and N. E. ¼ of S. W. ¼, of S. W. ¼, less 2.20 acres for A. & C. Ry., of section 32, township 4 south, and range 4 east—and that on said last-named date the said plaintiff Freeman Arkansas was indebted to the defendant V. J. Howard and W. Henderson in the sum of $650, and for the purpose of securing said indebtedness in said last-named amount the said plaintiff, joined by his wife, the plaintiff Lucy Arkansas, executed to said last named two defendants an instrument purporting to be a warranty deed covering said above-described lands, but which instrument the court finds was intended by the parties above named as a mortgage.

"The court finds that on November 23, 1911, the defendants V. J. Howard and W. Henderson, joined by their respective wives, Mattie Howard and Mamie Henderson, sold said above described lands to the defendant J. M. Collins for a consideration of $1,200 at that time paid them by said Collins; that said defendant Collins was an innocent purchaser in good faith, and without notice that said instrument was intended as a mortgage.

"The said Collins afterwards placed certain improvements on said lands, but that all of said improvements were placed thereon by him after the institution of this suit and after he had been served with a summons as a defendant therein.

"The court further finds that the value of said lands at this date is the sum of $1,200, separate and apart from the improvements placed there by said Collins, and that the reasonable rental value of said lands from November 23, 1911, to this date is the sum of $259.

"The court further finds that the sum at this date due from the plaintiff Freeman Arkansas to the defendants V. J. Howard and W. Henderson, which is secured by the instrument of conveyance aforesaid executed by him and his wife on January 24, 1911, is the sum of $650, and that the amount due from the said defendant V. J. Howard and W. Henderson to the plaintiff Freeman Arkansas is the difference between the said sum of $650 and the said value at this date of said lands, to wit, the sum of $1,200, to which last-named sum there is added the sum of $250 rents as aforesaid, making a total of $1,450, and that said difference is the sum of $800.

"The court further finds that the value of said land at this date as between the plaintiff Freeman Arkansas and the defendant J. M. Collins is the sum of $1,200 so as aforesaid paid by said Collins therefor with 6 per cent. interest thereon, less $250, rents as aforesaid, or the sum of $1,094.

"It is therefore considered, ordered, and decreed by the court as follows, to wit:

"That said plaintiff Freeman Arkansas, if he so elect, have and recover of and from the defendants V. J. Howard and W. Henderson the sum of $800, with interest thereon from this date at the rate of 6 per cent. per annum, together with his costs in this behalf laid out and expended, and in the event he shall so elect it is further considered, ordered. adjudged, and decreed by the court that said amount shall be full and complete discharge of all sums due him by said defendants V. J. Howard and W. Henderson, and the title in and to said lands shall be thereupon quieted in the said J. M. Collins, defendant herein, and he shall hold the same thenceforward free, clear, and discharged of all liens, claims, or demands of every kind whatsoever, as between the said Collins and the said Freeman Arkansas, and as between the defendant Collins and the defendants V. J. Howard and W. Henderson.

"It is further considered, ordered, adjudged and decreed by the court that if the said plaintiff Freeman Arkansas shall not elect to recover said sum of $800 from said defendants Howard and Henderson, as above set forth, that he shall have and recover of and from the defendant, J. M. Collins the land hereinbefore described, upon the payment by him the said Freeman Arkansas to the said J. M. Collins, of the sum of $1,094, and in which event he shall also have and recover of and from the defendants V. J. Howard and W. Henderson the sum of $694, with interest thereon from this date at the rate of 8 per cent. per annum,

until paid, together with all his costs in this behalf laid out and expended.

"To all of which all the defendants duly excepted.

"For all of which let execution and proper writs issue."

On February 19, 1917, by permission of the court, Freeman Arkansas filed his election under said judgment as follows:

"Now comes Freeman Arkansas and elects to rely upon that part of the judgment of this court rendered January 20, 1914, which reads as follows: It is further considered, ordered, adjudged and decreed by the court that if the said plaintiff Freeman Arkansas shall not elect to recover said sum of $800 from said defendants Howard and Henderson, as above set forth, that he shall have and recover of and from the defendant J. M. Collins the land hereinbefore described, upon the payment by him, the said Freeman Arkansas, to the said J. M. Collins, of the sum of $1,094, and in which event he shall also have and recover of and from the defendants V. J. Howard and W. Henderson the sum of $694, with interest thereon from this date at the rate of 8 per cent. per annum, until paid, together with all his costs in this behalf laid out and expended."

The court then overruled the motion to set aside the judgment, and from this action the defendants W. Henderson, Mamie Howard, and W. Henderson, as administrator of V. J. Howard, appealed the case to this court; the defendant V. J. Howard having in the meanwhile died.

The grounds of the motion to set aside the judgment may be stated as follows:

(1) That the court rendered judgment for matters not prayed for in the petition and upon issues not involved in the cause.

(2) That the judgment rendered in the alternative does not settle and determine the rights of the parties to the litigation.

The assignments of error are:

(1) That the court erred in overruling the motion of defendants to set aside the judgment.

(2) That the court erred in permitting the plaintiffs to file an election and elect upon what part of the judgment they would rely.

This case, as shown by the record, is one of purely equitable cognizance. Freeman Arkansas, joined by his wife, brought suit against the defendants for the purpose of quieting in him the title to the land described in the judgment and which he claimed to own. The petition alleged that he and his wife had on January 24,

1911, conveyed the land by warranty deed to the defendants V. J. Howard and W. Henderson for the purpose of securing some debts he owed them, and that it was understood and agreed by all the parties at the time the deed was executed and delivered that the deed was not an absolute conveyance of the land, but was only security for the payment of the debts. The petition further alleged that the defendants Howard and Henderson, joined by their respective wives, who are also defendants, had afterwards conveyed the land to the defendant J. M. Collins, who claimed ownership and threatened to take possession of the same; that the plaintiff Freeman Arkansas had tendered to the defendants Howard and Henderson the amount of the debts he was due them, and tendered it in court; that the conveyances described were clouds on his title. The plaintiff prayed that the defendants be required to set forth the nature of their several claims to the land, that the title to same be quieted in him and for such relief as might be equitable and proper. All the defendants appeared and answered, each admitting that Freeman Arkansas held title to the land at the time he conveyed it to Howard and Henderson. J. M. Collins by separate answer alleged that he purchased the land in good faith from Howard and Henderson, paid a valuable consideration therefore, and had no notice, actual or otherwise, that Freeman Arkansas and his wife claimed any interest therein or title thereto at the time it was conveyed to him. The other defendants, in their separate answer, alleged that the deed made to Howard and Henderson was an absolute conveyance of the land, and was not intended as security for a debt. It will thus be seen that the court had jurisdiction of the parties and the subject-matter. All the parties were before it, evidence to sustain their respective contentions was heard, and the court undertook by its judgment to meet all the exigencies of the litigation and to equitably settle all the conflicting rights and claims of the parties. This it had a right to do, however numerous and complicated might be the interests involved, and frame its decree accordingly. 1 Black on Judg. § 1.

As the distinction between suits in law and equity is abolished in this state, "judgment" and "decree" are convertible terms, and the term "judgment" being more general, includes the term "decree." A judgment of a court is sometimes defined as "the final determination of the rights of parties in an action or proceeding." Our Code (R. L. 1910, § 5124) reads:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled."

In this state we have but one form of civil action, but the plaintiff may ask therein for any relief which either law or equity would accord him. Ordinarily the extent of the relief to be granted by judgment is restricted to that prayed for in the petition. But where there is an answer, and where the petition contains a prayer for general relief, the court may take such action as may be necessary to fully adjust the equities between the parties, provided it be not inconsistent with the case made by the pleadings and the facts in evidence. As is said in Black on Judg. § 141:

"Where there are prayers for both specific and general relief, the court, if it refuses the specific relief asked, may still grant any other appropriate relief under the general prayer."

And it is not necessary that the petition and answers should point out in detail the exact course to be pursued by the court in granting the relief necessary to adjust the equities between the several parties, but the relief granted by the court must be such as follows legitimately and logically from the pleadings and the proof. The judgment rendered should be adapted to the circumstances and necessities of the case, and the court may attach to the grant of relief any reasonable conditions that to it seem proper. 10 R. C. L. 556.

Under the recital of the facts contained in the journal entry of judgment, we are of the opinion that the relief granted by the court was in accord with the facts proven. And it was, under the law, authorized by the pleadings in the case.

It is urged by the appellants that the court erred in permitting the plaintiff, Freeman Arkansas, to have the right of election under the judgment, and to file in court his written election as to what part of the judgment he would rely on for the purpose of enforcing and securing his rights.

It will be observed that the land to which he claimed title had been bought by J. M. Collins from Howard and Henderson in good faith and without notice that the deed by which they held it was intended as security for the payment of money, and not an absolute conveyance. In accordance with section 1158, R. L. 1910, the court by its judgment protected the rights of Collins and adjusted the equities between him and the plaintiff Arkansas. Neither Collins nor Arkansas complain of this adjustment. But according to the findings of fact by the court, Freeman Arkansas was indebted to the defendants Howard and Henderson in the sum of $650, and the conveyance made by him to them was intended to secure that indebtedness. They afterwards conveyed the land to Collins, who paid them $1,200 for it.

Thus the rights of these several parties were involved. Freeman Arkansas was entitled to his land, Howard and Henderson were entitled to the money Arkansas owed them, and Collins was entitled to be protected as an innocent purchaser to the extent of the purchase price paid by him to Howard and Henderson. But Howard and Henderson had already received $1,200 from Collins, and the court found that $1,200 was the reasonable present value of the land. To this sum the court added $250, the reasonable rental value of the land from the time it was conveyed to Collins on November 23, 1911, to the date of the judgment, and, deducting therefrom the $650 indebtedness of Arkansas to Howard and Henderson, found that Howard and Henderson were due Arkansas the difference, amounting to $800. This finding was contingent, of course, on Collins retaining the land. The court then further found that as between Arkansas and Collins the present value of the land was $1,200, with interest at 6 per cent, added thereto, from November 23. 1911, when Collins bought it, less $250, the reasonable rental therefor, which left $1 094 as the amount of Collins' interest therein.

The court then by its judgment permitted the plaintiff Freeman Arkansas to elect whether or not he would accept the judgment in his favor against Howard and Henderson for the sum of $800 in full discharge of all sums due him by said defendants. in which event the title to the land was to be quieted in the defendant Collins, or accept the judgment in his favor for the recovery of the land from Collins upon payment by him to Collins of the sum of $1,094, and a judgment in his favor against Howard and Henderson for the sum of $694. He elected to accept the latter judgment, and his written election to th's effect was filed in court.

As we view the case, the appellants cannot complain because the plaintiff Freeman Arkansas, in the exercise of the right of election granted him by the court, chose to

accept a judgment against them for $694 instead of one for $800. Under either election they would have no interest in the land. Their only concern is as to the amount of the recovery against them, and when the plaintiff Freeman Arkansas elects to accept as against them a judgment for a lesser sum than he might have accepted, they are certainly in no position to complain of such election.

As to the appellants the judgment was not in the alternative. The judgment against them was a money judgment, either for $800 or for $694, as the plaintiff might elect. A judgment in the alternative would be such a one as by its terms might be satisfied by doing either of several acts at the election of the party or parties against whom the judgment is rendered and from whom performance is by the judgment required. The only party to this judgment who had any right of election was the plaintiff, Freeman Arkansas. The appellants had no such right.

The record shows that Freeman Arkansas has made in writing his election and filed the same in court, and that this was done before the court overruled the motion to vacate the judgment. The judgment against the appellants is therefore for the sum of $694, as shown by such election. The defendant J. M. Collins has in writing accepted the same and the election as made thereunder by Freeman Arkansas. This is equivalent to a confession of judgment on his part. And when Freeman Arkansas does what the judgment he has elected to accept requires him to do, the court has power to compel performance on the part of J. M. Collins.

As we view the case, the judgment of the district court does justice and equity between the several parties and is therefore affirmed.

All the Justices concur.