JOHN KELEHER, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Queens, First District, October 1, 1932.

*Ralph Copeland,* for the plaintiff.

*Jeremiah J. Driscoll,* for impleaded defendant Matthew Frank.

*Newman & Bisco* [*W. G. Wall* of counsel], for the defendant Manufacturers Trust Company.

WEEKS, J. This is an action brought by the maker of two checks against the bank upon which they were drawn. On application of the defendant bank, the executor of the will of the payee was brought in as a party defendant.

On September 11, 1920, the plaintiff had a deposit account in the Gotham Bank, now the defendant Manufacturers Trust Company by merger. On that date he drew two checks on said bank, one for the sum of $741.75 and the other for $86.64, both checks being drawn to the order of Cornelius S. O'Keefe. Such checks were immediately certified at the request of the payee by the bank, but have never been presented for payment and are presumably lost or mislaid.

On or about November 1, 1931, the defendant Matthew Frank, as executor of the will of said O'Keefe, made a verbal demand on the defendant bank for the payment of the amount of said checks, but the checks were not produced, they not being in the known possession of the payee or the executor of his will; and such demand was not complied with.

On December 21, 1931, the plaintiff attempted to stop payment of the checks by filling out the usual " stop payment " form and filing it with the bank. The bank has not paid said checks and now holds the sum of $803.03, being the amount thereof, less the costs of advertising for claimants pursuant to section 134 of the Banking Law.

The plaintiff testified that he delivered the checks to O'Keefe uncertified, and that he, the plaintiff, did not at any time have them certified. He also said that the checks were given in payment of gambling debts.

The question to be decided is, who is entitled to the amount of the checks.

The Negotiable Instruments Law provides that the certification by the bank of the checks at the request of the holder discharges the maker from liability thereon (§ 324); and the certification by the bank is equivalent to an acceptance (§ 323).

The effect of the certification was to charge the plaintiff with the amount of the checks, pass that amount to the credit of the checks, and make the bank, as acceptor, primarily liable for the payment to any *bona fide* holder thereof. (*Poess* v. *Twelfth Ward Bank*, 43 Misc. 45, 47, citing *First National Bank* v. *Leach*, 52 N. Y. 350.)

By common usage such checks are treated for most purposes as cash, and the legal result is the same as if the holder had received the cash over the counter (*Whiting* v. *Hudson Trust Co.*, 234 N. Y.

394, 404); and upon the certification the maker loses all right of setoff. (*Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301, 307.)

If upon certification the maker of a check is discharged from liability, it must necessarily follow that he has no further right or interest in the money on deposit to his credit, to the amount of the certified check.

It seems clear that the certification results in an assignment of the funds to the amount of the checks. (Neg. Inst. Law, § 325.)

I think that the fact that the checks were given in payment of a gambling debt is not material, because the bank, having certified the checks, a new contract was created, the bank being the debtor, and the rights of the maker to the money and his liability on the checks both came to an end.

I, therefore, conclude that the plaintiff has no right or interest in the money represented by the checks.

The evidence shows that the certification by the bank was made at the request of the holder. He thereupon became the creditor of the bank and entitled to receive payment at any time thereafter, upon demand, unless his claim is barred by the Statute of Limitations. I do not think the claim is so barred. While there are but few reported cases in this State involving this question, the rule seems to be that certification of a check binds the bank to hold sufficient funds to pay it to one lawfully demanding payment; and that a demand is necessary before a cause of action accrues. (*Bank of B. N. A.* v. *Merchants Nat. Bank*, 91 N. Y. 106; *Smiley* v. *Fry*, 100 id. 262; *Payne* v. *Gardiner*, 29 id. 146.)

The defendant executor is entitled to judgment in his favor against the defendant bank for $803.03, being the amount of the two checks less the cost of advertising, upon his giving a bond, if required, pursuant to the provisions of section 333 of the Civil Practice Act. The complaint of the plaintiff is dismissed.

As to costs: I do not think the bank was a mere stakeholder. It was required to pay the amount of the checks on demand, provided the security required by section 333 of the Civil Practice Act was given, if demanded. I, therefore, award costs in favor of the defendant Frank against the bank; and costs in favor of the bank against the plaintiff. Submit judgment.