POWELL et al. v. C. I. T. CORPORATION.

No. 31022. Oct. 5, 1943.

Rehearing Denied Nov. 23, 1943.

*142 P. 2d 976.*

Sigler & Jackson, of Ardmore, for plaintiffs in error.

Champion & Champion, R. Rhys Evans, and Geo. N. Othey, all of Ardmore, for defendant in error.

DAVISON, J. This is an action in replevin instituted in the district court of Carter county on March 26, 1941, by the C. I. T. Corporation, as plaintiff, against John D. Powell and Leola M. Powell, to recover possession of "one Hudson Tudor Sedan" automobile. Plaintiff claimed a special ownership in the car to secure the unpaid balance of the purchase price.

Upon trial of the cause after issues had been joined, plaintiff recovered judgment for the possession of the automobile or in lieu thereof the sum of $585.31. The defendants appeal, appearing herein as plaintiffs in error.

The gist of defendants' complaint to this court is that the evidence was insufficient to warrant recovery by the plaintiff, and that the trial court therefore erred in denying their challenge to the sufficiency thereof.

The evidence is undisputed that the defendants acquired the automobile in question from the Young Motor Company, an automobile dealer at Gainesville, Tex., in December of 1940. They traded an old automobile on the new one and obtained credit for the balance of the purchase price, which was to be paid in monthly installments. The balance due on the purchase price was secured by the automobile acquired and for that purpose a written contract was executed under which the seller retained title.

Default has been made in the payment of the purchase price and the "in lieu" portion of the trial court's judgment represents the amount of the unpaid balance as admitted by the defendants.

Complications arise in connection with the litigation because of carelessness on the part of the plaintiff corporation. It has lost or failed to obtain possession of the original contract and if a promissory note was executed in connection with the contract (which was apparently done), it has also lost or failed to obtain the note.

Its testimony on this point is sufficient to establish that it acquired the contract or note and contract by purchase. Its nonpossession of the contract makes it possible that the defendants will again be confronted with the instrument or instruments in the hands of other parties. The defendants are entitled to protection against this contingency. In recognition of the defendants' rights in this respect, plaintiff has tendered a surety bond calculated to protect against subsequent assertion of rights under the title retention contract. The bond, however, does not purport to protect against claims which might be asserted under the note.

The limited character of the obligation to hold defendants harmless is no doubt due to plaintiff's ultimate theory that the note either was not executed or that it was immaterial in this action if it was. This theory is hardly adequate in equitable appeal to satisfy the requirements of a court which in connection with the equitable phase of the action is imposing conditions (on the granting of relief) calculated to protect the defendants against future harm. The defendants are entitled to more adequate protection.

The foregoing salient facts indicate that as a matter of common justice the defendants should be compelled to pay the delinquent unpaid balance of the

purchase price of the automobile or relinquish possession thereof upon condition that they be adequately secured against future proceedings by third parties on the note as well as the lost contract unless some legal impediment prevents such a disposition of the cause.

Our further discussion is for the purpose of determining the existence or nonexistence of such an impediment. It is within the power of this court to impose conditions upon the affirmance of a judgment. Orr v. Mallon, 190 Okla. 598, 126 P. 2d 83. It is also within the proper province of a trial court in connection with an action predominately legal as distinguished from equitable to impose conditions on a judgment when there is an equitable phase of the action. Such is the character of the trial court's action when an action of legal cognizance is based upon a lost instrument and the instrument lost is of such a character as to require indemnity to protect against it, if it should be found by, or otherwise fall into the hands of, third parties.

As previously stated, this is an action in replevin and therefore predominately legal. Plaintiff, however, bases its asserted special ownership of the personal property sought to be recovered upon a conditional sales contract which in its final amended petition it pleads as lost.

In the plaintiff's pleadings allusion is made to a promissory note, which may or may not have existed and which may or may not have been negotiable in character.

Regardless of whether the note existed and was the dominant instrument carrying with it as an incident the instrument of security (conditional sales contract) or did not exist, or if it did exist was of such a character as to be relatively unimportant in this character of action, there is a sufficient probability of its existence and legal import to require protection against it in any disposition of this case. Certainly if it did exist, it was identified with the sales contract.

In the early development of our jurisprudence, courts of law found themselves impotent to grant relief when the rights of the parties depended on lost instruments which were of such a character as to foreshadow future possible embarrassment if the instruments should be found. The parties were therefore in such cases relegated to courts of equity, where conditions could be imposed upon the relief granted and indemnity could be required. Such is still the method of procedure in many jurisdictions where the common-law distinction between courts of law and equity continues to prevail. 34 Am. Jur. 611 et seq. However, in code states such as our own, where the distinction has been minimized and the administration of law or equity is intrusted to the same tribunals and where legal and equitable powers may be exercised in the same action, the reason for denying relief on lost instruments in actions of legal cognizance no longer exists. Thus it is said in 34 Am. Jur. 612:

". . . But where the distinction between law and equity has been abolished, the reason for refusing relief at law on a lost negotiable instrument no longer exists. . . ."

However, that phase of the case which involves the imposition of conditions on the relief granted, such as a requirement of indemnity, is equitable in nature and equitable considerations govern its disposition. Such considerations in this case require indemnity against the note as well as the contract.

The defendants seize upon the uncertainty surrounding the existence of the note to urge that, if such a note did exist and it was negotiable in character, its negotiation contemplated endorsement and delivery, or delivery without endorsement in the case of a bearer instrument. They call attention to the silence of the record on proof of endorsement or delivery.

The record reflects that the Young Motor Company executed an assignment sufficiently comprehensive in a form to evidence an intent to assign the "credi-

tor end" of its contract with the defendants whether the same constituted a conditional sales contract and note or merely a conditional sales contract.

While endorsement and delivery of an "order" instrument and delivery of a bearer instrument are ordinarily contemplated in order to negotiate the instrument in such a manner as to constitute the transferee a holder in due course, it is possible to transfer (as distinguished from negotiate) such an instrument by separate assignment, and actual delivery is not indispensable. Stafford v. Bond, 106 Okla. 173, 233 P. 185; Ingram v. Mandler, 56 F. 2d 994; 8 Am. Jur. 40.

Under the foregoing authorities the assignment executed in this case was sufficient to transfer the interest of the Young Motor Company in the contract and note, though not sufficient to make the transferee a holder in due course.

Defendants also assert that the intentional destruction of a negotiable instrument releases the maker. We find no evidence of such intentional destruction.

Complaint is made concerning the weakness of the plaintiff's evidence on the question of search for the lost instrument or instruments. The evidence on this point is not of the best and most satisfying character. It discloses that subsequent to the transfer of the paper by assignment the defendants made one monthly payment. That due to the fact the plaintiff was using a copy of the contract rather than the original, it demanded a slightly greater amount for such monthly payment than was due according to the defendants. Ultimate settlement as well as the judgment herein were based on the amount which defendants admitted they had obligated themselves to pay. After this preliminary dispute between the parties, the plaintiff through one of its employees searched through its files and records for the instruments. It also visited the Young Motor Company and made a similar unsuccessful search. Mr. Raymond Young, who previously "ran" the Young Motor Company, had, before the trial of this case, joined the armed forces of the United States. His deposition was not taken.

We do not deem the circumstances connected with the search of sufficient moment to warrant a denial of conditional relief. Error is present in this case only in the failure of the judgment of the trial court to impose adequate conditions for the protection of the defendants.

Upon the foregoing considerations the judgment of the trial court will be modified and amended to require that the plaintiff execute a new bond with good and sufficient security to be approved by the lower court to protect against future actions by third parties on the note as well as the contract, and the penal sum or limit of liability on such bond shall be in a sum to be determined by the trial court sufficient to protect against demand under the note for principal, accrued interest, attorneys' fees and costs of defending litigation.

The judgment of the trial court as reentered shall further provide that execution shall not issue on the judgment until such bond is submitted and approved. As so modified, the judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. HURST, J., absent.