298 P.2d 432 (1956)
Jean E. POLK, Administratrix, and Owen F. Renegar, Plaintiffs in Error,
v.
The UNKNOWN TRUSTEES, SUCCESSORS and ASSIGNS of THREE-IN-ONE OIL and GAS COMPANY, a defunct and dissolved corporation, Defendants in Error.
No. 36835.
Supreme Court of Oklahoma.
May 8, 1956.
Rehearing Denied June 12, 1956.
Renegar & Renegar, by Owen F. Renegar, Oklahoma City, for plaintiffs in error.
C.D. Cund, Duncan, Brown, Cund & Brown, Duncan, of counsel, for defendants in error.
*433 PER CURIAM.
George D. Polk and Owen F. Renegar, as plaintiffs, brought this action in the District Court of Garvin County against the defendants in error as defendants. Subsequent to the institution of the action, George D. Polk died and the action was revived in the name of the administratrix of his estate. For convenience the parties to this appeal will be referred to as plaintiffs and defendants, as they appeared in the trial court.
Plaintiffs sought to quiet their title to ten acres of land in Garvin County against the claim of defendants to the minerals. Plaintiffs' claim of title rests upon a deed from Boyd Turner Woolridge to George D. Polk, dated November 15, 1947; a deed for one-half interest from Polk to Owen F. Renegar in 1953; a deed from B.B. Parr et ux. to both Polk and Renegar in 1953; a deed from C.E. Denson to Polk and Renegar in 1953; title by prescription and by a judgment of the District Court of Garvin County.
Defendants base their title upon a mineral deed from E.E. James to Three-In-One Oil and Gas Company, dated January 21, 1926.
*434 In this appeal from the judgment of the trial court quieting title in defendants, plaintiffs urge that the Three-In-One Oil and Gas Company was at all times pertinent to their claim a defunct and dissolved corporation without the power to take title to real property and that by a judgment entered in Case No. 8234 in the District Court of Garvin County in which Boyd Turner Woolridge was plaintiff and the Three-In-One Oil and Gas Company was defendant, title was vested in Woolridge as predecessor in title to them. The points raised are stated as propositions relied upon as error.
The circumstances pertinent to plaintiffs' position under their propositions may be described in brief as follows: Boyd Turner Woolridge, Indian allottee of the land, by mineral grant, dated January 21, 1926, conveyed the minerals to E.E. James and on the same date, James, by mineral grant, conveyed his interest to the Three-In-One Oil and Gas Company. The judgment in Cause No. 8234, to which reference has been made was entered on September 20, 1928. In that action, Woolridge, as plaintiff, sought as against the Three-In-One Oil and Gas Company to cancel the two mineral deeds. The judgment, although providing for such cancellation, stated that such was upon condition:
"* * * that the said plaintiff shall pay into the hands of the Court Clerk within thirty days after this judgment shall become final the sum of $129.28, for the use and benefit of the defendant, Three in One Oil & Gas Company, and upon said payment the title of plaintiff in and to said lands shall be quieted as against the claims of the said Three in One Oil & Gas Company, under and by virtue of said instruments hereinabove set forth, but in the event plaintiff shall fail or refuse to pay in the said sum of $129.28, as hereinabove set forth, it is,
"Ordered, Adjudged and Decreed by the Court that the title of the said Three in One Oil & Gas Company in and to the rights granted in said above described lands by virtue of said instruments, be, and the same are hereby quieted as against the claims of the said plaintiff."
On November 25, 1925, the Corporation Commission of Oklahoma in reference to the Three-In-One Oil and Gas Company notified the Secretary of State of Oklahoma by letter that in compliance with Section 2, Chapter 146, Session Laws 1917, Section 381, Corporation Commission Laws, 1917, providing in part:
"`In addition to the other penalties provided in this act, if any corporation has failed or hereafter shall fail for a period of two (2) years, to pay the annual State Corporation license tax, or to make any report required by Chapter 72, Revised Laws, 1910" (372-383) "the Corporation Commission shall prepare a list of such corporations and shall publish the same in the State in a newspaper of general circulation in the county where the principal office of the company is located, for a period of three successive issues. And, upon said publication being completed, a proof of publication being filed thereof, with the Corporation Commission by such newspaper, said corporation shall thereupon be deemed defunct and inoperative and no longer competent to transact business within the State of Oklahoma; and no notification of such status by the Corporation Commission shall be necessary and the Secretary of State shall make proper notations in red ink opposite the name of any such corporation in the corporation index books of his office, indicating the status of such defunct and inoperative corporations. Provided, that any such defunct corporations, upon the payment of all such delinquent taxes and fees shall thereupon become reinstated, revived and operative again. Provided, further that where such reinstatement is not applied for within six months from date of such notification to the Secretary of State such defunct and inoperative corporation shall become legally dead and the records of the Secretary of State and Corporation Commission made to so indicate.'"
*435 That publication in conformity therewith had been made and the proper notations could then be made in the records of the office of the Secretary of State indicating the status of the Three-In-One Oil and Gas Company as a corporation. The notice by the Corporation Commission was duly filed in the records of the Secretary of State. The record of this case is silent as to any further steps taken by either the Corporation Commission or the Secretary of State in the matter.
Our first task then is to determine, under the factual situation existing, whether the status of the corporation was such on January 21, 1926, as to prevent its taking title to the mineral interest in the land and whether the judgment in Cause No. 8234 was effective to quiet title in the corporation, or in Woolridge from whom plaintiffs claim title. If such questions are resolved in favor of the defendants the judgment of the trial court was correct unless title by prescription was obtained under the Parr and Denson deeds. Consideration of this phase of the case will be given later in this opinion.
In the case of James v. Unknown Trustees, etc., 203 Okl. 312, 220 P.2d 831, 20 A.L.R.2d 1077, we stated that the State alone has power to question the existence and powers of a corporation, but that this rule is not applicable to an admittedly dissolved and dead corporation. We also said the doctrine of "estoppel" to deny corporate existence may not be invoked unless the corporation has at least a de facto existence and that since a grantee is necessary to a conveyance, a conveyance to a non-existing corporation may be of no effect and the grantor is not estopped from avoiding his deed by showing that the supposed corporation did not exist. Plaintiffs rely on this case and the case of Great American Ins. Co. v. Farmers' Warehouse Co., 91 Okl. 118, 217 P. 208, in support of their position in this case. The James case, supra, was an appeal from the action of the trial court in sustaining a demurrer to the petition in which it was alleged that the corporation was dissolved and defunct and incapable of receiving a conveyance of property. The status of the corporation was then, on the demurrer, admitted and what this court held in that case was applicable to the facts assumed under the admission of the demurrer. In the Great American Ins. Co. case, supra, the secretary of state had, in conformance with the statute above quoted, after the expiration of the six months period subsequent to the notice of the corporate commission, issued its order declaring the corporation legally dead.
The factual situation to which we applied the rules stated in each of these cases supported the legal conclusion there reached and we do not depart therefrom, but the situation in this case calls for a different conclusion.
We think that the words, "shall become legally dead", contained in the second proviso of the above quoted statute are clearly expressive of the intent and effect of the statute to determine the complete non-existence of the corporation only after the expiration of the six months period, and we conclude that until such period had expired and all procedure required by the statute taken by the proper state authorities only the state had power to question the existence and powers of the corporation.
In the case of Industrial Building & Loan Ass'n v. Williams, 131 Okl. 167, 268 P. 228, 231, this court stated that although a corporation might not be de jure and invulnerable if assailed by the state in proper proceedings, it may, however, be a corporation to the extent that, for reasons of public policy, no one but the state will be permitted to call in question the lawfulness of its organization. Such is what is termed a "corporation de facto"  that is, a corporation from the fact of its acting as such, though not in law or of right a corporation. We further held that the reason for the rule thus stated is:
"* * * that if rights and franchises have been usurped they are rights and franchises of the sovereign, and he alone can interpose. Until such interposition the public may treat those possessing and exercising corporate powers under color of law as doing so rightfully. The rule is in the interest of the public, and is essential to validity of business transactions with corporations. If business has been done *436 by an association of persons claiming to be a corporation and to be doing business as such, neither they nor the association will be permitted to question corporate existence for purpose of avoiding any contract entered into in corporate name, or of escaping any liability which would exist if the act done in the corporate name had been authorized by the pre-existence of corporate capacity. R.C.L. Vol. 7, pp. 63, 64, par. 44, and cases cited."
In Midwest Air Filters Pacific v. Finn, 201 Cal. 587, 258 P. 382, 385, the California court held:
"* * * Provisions in general incorporation laws, prescribing conditions precedent to corporate existence, must be distinguished from provisions merely prescribing conditions to be complied with after acquiring corporate existence. Noncompliance with such a condition subsequent does not affect the existence of the corporation, although it may be ground for a proceeding by the state to forfeit the charter or franchise. Mokelumne Hill [Canal &] Mining Co. v. Woodbury, 14 Cal. 424, 426, 73 Am.Dec. 658. Conditions precedent to the right to engage in business after the corporation has been formed are conditions subsequent, a noncompliance with which, while it may give the state a right to maintain proceedings to forfeit the franchise, does not, in the absence of such proceedings, in any way affect the legal existence of the corporation."
In Whitney v. Wyman, 101 U.S. 392, 25 L.Ed. 1050, referring to the point argued that the corporation had by orders of the State been forbidden to do business, the court stated:
"`The restriction imposed by the statute is a simple inhibition. It did not declare that what was done should be void, nor was any penalty prescribed. No one but the state could object. The contract is valid as to the plaintiff, and he has no right to raise the question of its invalidity.'"
Applying the rules above stated, we hold that the Three-In-One Oil and Gas Company had the corporate power at the time it acquired the mineral grant from E.E. James to receive title, such acquisition being within the six months period, and there being no contention as to invalidity of the conveyance otherwise, title passed. The corporation having acquired title, its subsequent loss of power as a corporation in nowise interfered with the settling of its affairs and legal proceedings incident thereto by its trustees designated by the Statutes of Oklahoma, O.S. 1951, Tit. 68, sec. 623, Tit. 18, sec. 163.
It follows that unless, as contended by plaintiff, the judgment in cause No. 8234 was effective to vest title in Woolridge there is, thus far, no merit to this appeal.
The evidence is clear that Woolridge never paid the amount required by the judgment as a condition to his having the title quieted in him. Plaintiffs do not contend that it was paid.
Woolridge, as plaintiff in that action, had sought cancellation of the mineral grant. He achieved his goal upon condition that he pay the amount required by the judgment. He alone had the decision of whether the victory was of sufficient value to justify him in accepting its fruits, or, whether to refuse and thus abandon all claim to relief.
It is established in this jurisdiction that where in a district court action of equitable cognizance all parties are before the court and proof is submitted to sustain their contentions according to their pleadings, the court may render such judgment as will meet all the exigencies of the litigation and equitably settle all conflicting rights and claims of the parties. In such case, the court, in granting the necessary and proper relief is not restricted by the demand for specific relief prayed for in the petition, but may attach to such grant any reasonable conditions that to it seem proper. Henderson v. Arkansas, 71 Okl. 253, 176 P. 751; Foster v. Hoff, 37 Okl. 144, 131 P. 531; Skidmore v. Leavitt, 73 Okl. 196, 175 P. 503; Powell v. C.I.T. Corp., 193 Okl. 292, 142 P.2d 976. Woolridge having repudiated the provision of the judgment to his advantage, the further provision therein quieting title in the defendant company was *437 operative and constituted a final judgment in favor of the company.
There is nothing in the record of this case to show, nor do plaintiffs urge, that adverse possession of the minerals was held by plaintiffs or their predecessors in title after the mineral conveyances separated the mineral estate in the land. Where title to mineral rights has been severed from the surface estate, the owner of the minerals does not lose his right or his possession by any length of nonuse. Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119.
We find no error in the judgment of the trial court.
Affirmed.
The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford, and approved by Reed and Nease, Commissioners, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.
JOHNSON, C.J., WILLIAMS, V.C.J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.